[Civ. No. 28343. First Dist., Div. One. June 23, 1972.]

JOHN D. SKOGLIE, Plaintiff and Appellant, v.
JOHN CRUMLEY, Defendant and Respondent.

## Counsel

John E. Olmsted for Plaintiff and Appellant.

Geary, Geary & Shea and Richard F. Pawson for Defendant and Respondent.

## Opinion

**THE COURT.**—This case arises out of a personal injury accident wherein a motorcycle being operated by appellant collided with an automobile driven by respondent. Appellant and respondent were plaintiff and defendant, respectively, in the trial court.

The case was tried before a jury. Appellant submitted BAJI Instruction No. 4.40, concerning the duty of one in imminent peril, and requested that the instruction be given. The trial court declined to do so on the ground that such an instruction was only applicable when the actor involved had the choice of at least one other course of conduct which, in the light of after events, would have been better or safer, but failed to exercise that choice because of his sudden and unexpected confrontation with peril. It was the opinion of the trial court that the evidence showed appellant had no such choice and that any other possible course available to appellant would have resulted in an accident and injury to himself. The jury returned a verdict in favor of respondent and this appeal is from the judgment entered thereon.

In his notice of appeal, the appellant stated that the only point to be raised on appeal was that an instruction on the doctrine of imminent peril should have been given. The oral proceedings requested by appellant

in his designation of the record was limited to the testimony of Kenneth Charles Wing, and respondent did not designate any additional oral proceedings. Appellant filed an opening brief on appeal, properly limiting his argument to a contention that the trial court committed reversible error in failing to give the requested instruction. Respondent thereafter filed a reply brief in which he argued (1) that the abbreviated record failed to demonstrate any error in the refusal of the trial court to instruct on the doctrine of imminent peril; and (2) that even if it were error, section 13 of article VI of the California Constitution does not permit a reversal unless, after an examination of the entire cause, including *all* of the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice. We note, however, that prior to the filing of his reply brief, respondent successfully moved in this court for a limited augmentation of the record on appeal to include the oral testimony of witnesses Holly Jamison and Harry Humes, on the ground their testimony was relevant to the sole issue on appeal, i.e., the refusal of the trial court to instruct on the doctrine of imminent peril.

The record on appeal presently contains the oral testimony of the aforementioned three witnesses. It does not contain the testimony of six other witnesses, including the appellant and the respondent. Thus, a question arises as to whether or not we are able to examine "the entire cause, including the evidence," as required by the Constitution.

If an appellant, in his notice of appeal, states the point or points to be raised by him on the appeal, he may designate the portions of the oral proceedings to be transcribed or direct the omission of any portions which he deems unnecessary. If a respondent is not satisfied with the omission of other portions, he may serve and file a designation of any additional oral proceedings he desires included in the record. (Cal. Rules of Court, rule 4(b).) When a reporter's transcript containing only a portion of the oral proceedings is thereafter certified by the judge or the clerk, it is presumed in the absence of proceedings for augmentation that it includes all matters material to a determination of the points on appeal. (Cal. Rules of Court, rule 52.)

*Alkus* v. *Johnson-Pacific Co.* (1947) 80 Cal.App.2d 1 [181 P.2d 72] contains a comprehensive discussion of rule 52, and the possible conflict of that rule with section 4½ (now § 13) of article VI of the Constitution of California. That case points out that the phrase "entire cause, including the evidence" need not be given the arbitrary meaning of everything that took place in the trial court. *Alkus,* at page 19, quotes with approval from Witkin, *New California Rules on Appeal,* in 17 Southern California Law Review 123, as follows: "[T]he constitution can be interpreted in ac-

cordance with its admitted objective, namely, to prohibit reversals for error where the record shows no miscarriage of justice; but the function of the reviewing court is performed when it examines the entire record before the court, to determine whether the error, in the light of the evidence brought up, is prejudicial. The court may and should rely on the parties to prepare a record which contains all that is relevant and material to the issue as to which error is urged."

In *Sloan* v. *Stearns* (1955) 137 Cal.App.2d 289 [290 P.2d 382], the reviewing court commented upon the extreme brevity of the record on appeal in that case, but considered itself bound (1) to assume that enough appeared in the record to enable it to decide whether reversible error was committed, and (2) to make its ruling on the basis of what affirmatively appeared therein.

In the case before us, although respondent contends we are required to review all of the evidence presented to the trial court before any determination can be made that prejudicial error occurred, he apparently has not considered the effect of rule 52. Respondent did not seek to enlarge the record on appeal by filing a counter-designation in the trial court and, apart from the limited augmentation obtained in this court, he has not sought further augmentation of the record, nor has he contended that the testimony of any other witness is relevant to the sole issue raised by appellant. We therefore consider that the record before us is adequate for purposes of review, and that a full consideration of such record meets the constitutional requirements of section 13 of article VI.

■ It is axiomatic that each party has a right to instructions on his theory of the case, if it is reasonable and finds support in the evidence or any inference which may be properly drawn from the evidence. If opposing parties rely on different theories, instructions should be given, when requested, on the theory of each party. (*Menchaca* v. *Helms Bakeries, Inc.* (1968) 68 Cal.2d 535, 541 [67 Cal.Rptr. 775, 439 P.2d 903].) Thus, refusal of any proper instruction, if prejudicial, may constitute reversible error. (*Stickel* v. *Durfee* (1948) 88 Cal.App.2d 402, 406 [199 P.2d 16].) However, we have concluded that, upon the basis of the abbreviated record, it has not been established that any error occurred.

■ In our view, there is evidence in the record which would support an inference that appellant was confronted by a sudden and unexpected peril of a physical danger of which he was aware, and that the perilous situation was not brought about by his own negligence. But we find no evidence in the record that a better and safer course of action was available to appellant after he perceived the perilous situation. There is uncontra-

dicted evidence that the lane of the roadway on which appellant was traveling was blocked, or would be blocked, by respondent's automobile; that a truck was approaching on the on-coming lane of traffic; that drainage ditches paralleled each side of the road a short distance off the shoulders; that another automobile occupied an entering road into which respondent's automobile was headed; that the appellant first showed signs of his awareness of the perilous situation when he was about 100 feet away from respondent's automobile; and that the minimum distance in which appellant could have stopped by applying the brakes of the motorcycle was well in excess of 100 feet. This evidence does not support appellant's contention that, in the light of after events, he had a safer or better course of action available to him. However, it does support the trial judge's holding to the contrary.

A party seeking the benefit of an instruction on imminent peril must present a record containing some evidence that there was affirmative action or voluntary conduct on his part in an effort to avoid the danger, following the unexpected appearance of danger. (*Givens* v. *Southern Pacific Co.* (1961) 194 Cal.App.2d 39, 46 [14 Cal.Rptr. 736]; *Batchelor* v. *Caslavka* (1954) 128 Cal.App.2d 819, 822-823 [276 P.2d 64]; *Bosserman* v. *Olmstead* (1946) 77 Cal.App.2d 236, 240 [175 P.2d 49]; *Emery* v. *Los Angeles Ry. Corp.* (1943) 61 Cal.App.2d 455, 462 [143 P.2d 112].) We find such evidence lacking in the record before us. But even if we were to hold that the evidence would support an inference that appellant took an affirmative course of action in that he continued in a straight line in the hope respondent's car would pass in front of him before an impact occurred, we are still faced with a record on appeal which is silent as to the existence of any safer course of action.

Finally, if the suggested error occurred in this case, there can be no reversal unless we are of the opinion that the error complained of has resulted in a miscarriage of justice. (Cal. Const., art. VI, § 13; *People* v. *Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243].) Based upon the limited record before us which contains no explanation of appellant's actions, it is not reasonably probable that a different result would have been reached if the requested instruction had been given. No prejudice to appellant has been shown.

Judgment affirmed.