[S. F. No. 23729. Jan. 4, 1979.]

PATRICIA DONEY, Plaintiff, Cross-defendant and Respondent, v.
DINO TAMBOURATGIS, Defendant,
Cross-complainant and Appellant.

## COUNSEL

Lewton, McGuinn & Moore, Michael Lewton and John R. Hillsman for Defendant, Cross-complainant and Appellant.

Carpeneti, Carpeneti & Carpeneti and Richard Carpeneti for Plaintiff, Cross-defendant and Respondent.

Yale I. Jones and Linda J. Brown as Amici Curiae on behalf of Plaintiff, Cross-defendant and Respondent.

## OPINION

**MANUEL, J.**—Defendant Dino Tambouratgis appeals from a judgment awarding plaintiff Patricia Doney $3,945 compensatory and $12,500 punitive damages for personal injuries suffered by her as a result of an alleged assault and battery. For reasons to appear below, we affirm the judgment.

By a complaint filed on May 15, 1972, plaintiff brought this action against Tambouratgis (defendant) and several unknown defendants. She therein alleged that on or about the 21st day of December, 1971, defendant had "wilfully, unlawfully and violently assaulted, beat and struck [plaintiff] in and about the face and body and attempted to rape her," thereby causing physical injuries and emotional distress. It was further alleged that these acts were done with malice, ill-will, and intent to injure and oppress. Damages in the amount of $100,000 compensatory and $200,000 punitive were prayed for.

The complaint nowhere mentioned or suggested that plaintiff and defendant had an employment relationship with one another or that the injuries which formed the basis of the action arose out of and in the course of employment.

By his answer defendant denied all allegations of the complaint, but he set forth no affirmative defenses. He also filed a cross-complaint alleging that plaintiff had wrongfully instigated a criminal prosecution[1] against him following the subject incident.

Following a jury trial judgment on the complaint was entered in plaintiff's favor for $3,945 compensatory and $12,500 punitive damages; judgment on the cross-complaint was likewise entered in favor of plaintiff.

█ This appeal is presented to us on an abbreviated record, consisting of a partial reporter's transcript and a partial clerk's transcript. (See Cal. Rules of Court, rule 4(b).) The reporter's transcript designated and presented herein by defendant contains only the testimony of plaintiff (direct and cross-examination) given during the course of her case in chief and the clerk's transcript contains no minute entries which would enable us to determine whether other witnesses were called by either

---

[1]The criminal prosecution in question—for violation of section 242 of the Penal Code (battery) was apparently dismissed when plaintiff failed to appear as a witness.

side.[2] In these circumstances it must be deemed that the facts are as presented in that portion of plaintiff's testimony set forth in the partial reporter's transcript. (Cal. Rules of Court, rule 52; see *Skoglie* v. *Crumley* (1972) 26 Cal.App.3d 294, 297 [103 Cal.Rptr. 205].)

The foregoing partial reporter's transcript indicates that on the afternoon of December 20, 1971, plaintiff went to an establishment known as Dino's Lounge, which was apparently owned and operated by defendant. She had previously worked there as a topless or nude dancer and cocktail waitress, and on the indicated afternoon she asked defendant whether she could come back to work in the same capacity. He said that he "needed a dancer and that it would be all right to come in at 7:00."

When plaintiff reported that evening at 7 p.m., she proceeded to change into her working costume which she apparently provided herself.[3] She performed her normal duties—i.e., topless or nude dancing and serving drinks to customers—until the establishment closed its doors to the public at 2 a.m. When the tables had been cleared plaintiff and the three other women working that night in the same capacity went upstairs to change into their street clothes and then, as was customary, went down again to the bar to wash the glasses. After this had been done—about 2:15 a.m.—defendant told the other women to go home and asked that plaintiff accompany him upstairs to his office to discuss a customer complaint he had received. Plaintiff did so. Defendant, after closing the door to the office, told plaintiff to take off her clothes. When she refused, he began to abuse her physically and pushed her to the floor, where he got on top of her. She continued to struggle and cry out, however, and finally defendant got up and, after kicking her, left the room. Thereupon plaintiff sought to call the police on the office telephone, but before she could do so defendant returned and, after hanging up the telephone,

---

[2]The only indication in the record that other witnesses were called and other evidence presented appears by means of somewhat ambiguous language in the printed form on which the judgment was entered. That document, with typed-in portions indicated by italics, provides in pertinent part: "Witness [*sic*] on the part of the plaintiff & *cross-defendant* and defendant & *cross-complainant* were duly sworn and examined and *documentary evidence was introduced.*" (Italics added.)

[3]On the night in question plaintiff had brought her costume, which consisted of a "light blue dress," to work with her in a bag. According to her testimony she would wear the dress during those periods of the evening when she was engaged in serving drinks to customers. During the portions of the evening when she was on stage performing her dancing activities she would "dance one number with the dress on and [then] take the dress off."

There is no indication in the record as to the extent to which defendant had control over the style and content of plaintiff's performance or as to who was responsible for the choreography.

began to abuse her again. At this point the bartender, who had remained below, came up the stairs and asked what was happening. Plaintiff escaped and ran down the stairs, but defendant followed. The front door was locked and plaintiff was unable to get out. After about 10 more minutes had elapsed—during which defendant, in the presence of the bartender, accused plaintiff of "hustling the customers and stealing money"—the police arrived, putting an end to the melee.[4]

The compensation customarily received by plaintiff in employment of this kind was, she testified, $25 per night worked, paid in cash,[5] along with whatever tips she might receive, which might amount to as much as $20 or more.[6]

Plaintiff also testified as to the nature and extent of the injuries she received as a result of the incident. She did not indicate that any of these injuries—which consisted in the main of bruises, muscle strains, and abrasions—had had any lingering adverse effect on her ability to work.

■ Defendant's sole contention on appeal is that the record herein indicates the existence of the conditions for compensation under the Workers' Compensation Act, and that therefore the provisions of that act provide the exclusive remedy available to plaintiff. (See Lab. Code, §§ 3600, 3601.) It is clear, however, that defendant is precluded from raising this contention by his failure to plead and prove it as an affirmative defense in this action.

It has long been established in this jurisdiction that, generally speaking, a defendant in a civil action who claims to be one of that class of persons protected from an action at law by the provisions of the Workers' Compensation Act bears the burden of pleading and proving, as an affirmative defense to the action, the existence of the conditions of compensation set forth in the statute which are necessary to its applica-

---

[4]Plaintiff indicated that after the police officers arrived one of them asked to see defendant's liquor license but he was unable to produce it. The law requires the posting of a liquor license in a conspicuous place upon the premises. (Bus. & Prof. Code, § 24046.)

[5]Plaintiff testified that she did not receive her compensation for the night in question until some time later when, in the course of one of her court appearances in connection with the criminal prosecution against defendant, she was presented with a check by his counsel.

[6]Plaintiff testified that she collected $8 on the night in question but that she had angrily left it at the premises when, following the alleged assault, defendant in the presence of the bartender had wrongfully accused her of stealing money from the bar.

tion.[7] (*Popejoy* v. *Hannon* (1951) 37 Cal.2d 159, 173 [231 P.2d 484]; see also *Gillespie* v. *Rawlings* (1957) 49 Cal.2d 359, 361, fn. 1 [317 P.2d 601]; *Coleman* v. *Silverberg Plumbing Co.* (1968) 263 Cal.App.2d 74, 79 [69 Cal.Rptr. 158]; *Ramey* v. *General Petroleum Corp.* (1959) 173 Cal.App.2d 386, 401 [343 P.2d 787]; see generally 2 Witkin, Summary of Cal. Law (8th ed. 1973) p. 863; Cal. Workmen's Compensation Practice (Cont.Ed.Bar 1973) § 17.23, p. 630.) "The employee is pursuing a common law remedy which existed before the enactment of the statute and which continues to exist in cases not covered by the statute. It is incumbent upon the employer to prove that the Workmen's Compensation Act is a bar to the employee's ordinary remedy." (*Popejoy* v. *Hannon, supra,* 37 Cal.2d 159, 173-174.)

An exception to this general rule of pleading and proof by the defendant appears in the situation where the complaint affirmatively alleges facts indicating coverage by the act. Then, unless the complaint goes on to state additional facts which would negative the application of the act, no civil action will lie and the complaint is subject to a general demurrer. (*Singleton* v. *Bonneson* (1955) 131 Cal.App.2d 327, 331 [280 P.2d 481]; see also *Coleman* v. *Silverberg Plumbing Co., supra,* 263 Cal.App.2d 74, 79; *Deauville* v. *Hall* (1961) 188 Cal.App.2d 535, 540, 544 [10 Cal.Rptr. 511]; see generally 2 Witkin, Summary of Cal. Law, *supra,* p. 863.)

■ The foregoing exception, however, is clearly inapplicable to the instant case. The complaint, as noted above, contained no allegation

---

[7]Those conditions are set forth in Labor Code section 3600: "Liability for the compensation provided by this division, in lieu of any other liability whatsoever to any person except as provided in Section 3706 [providing for an action at law by an injured employee when the employer is neither insured nor permissibly self-insured] shall, without regard to negligence, exist against an employer for any injury sustained by his employees arising out of and in the course of the employment and for the death of any employee if the injury proximately causes death, in those cases where the following conditions of compensation concur: (a) Where, at the time of the injury, both the employer and the employee are subject to the compensation provisions of this division. (b) Where, at the time of the injury, the employee is performing service growing out of and incidental to his employment and is acting within the course of his employment. (c) Where the injury is proximately caused by the employment, either with or without negligence. (d) Where the injury is not caused by the intoxication of the injured employee. (e) Where the injury is not intentionally self-inflicted. (f) Where the employee has not willfully and deliberately caused his own death. (g) Where the injury does not arise out of an altercation in which the injured employee is the initial aggressor."

Section 3601 of the same code provides as here relevant that "[w]here the conditions of compensation exist, the right to recover such compensation, pursuant to the provisions of this division is . . . the exclusive remedy for injury or death of an employee against the employer. . . ."

Section 3602 provides that "[i]n all cases where the conditions of compensation do not concur, the liability of the employer is the same as if this division had not been enacted."

directly or indirectly indicating that an employment relationship existed between plaintiff and defendant or that the injuries which formed the basis of the action arose out of and in the course of employment. In these circumstances it became the responsibility of defendant to plead and prove that the conditions of compensation rendering him subject to the protections of the act existed.[8] This he did not do.[9] Accordingly he may not now raise the defense of coverage by the act.

We do not believe that the conclusion we here reach results in the improper "conferral" of subject matter jurisdiction by means of consent, waiver, or estoppel. (See *Summers* v. *Superior Court* (1959) 53 Cal.2d 295, 298 [1 Cal.Rptr. 324, 347 P.2d 668]; see generally 1 Witkin, Cal. Procedure (2d ed. 1970) Jurisdiction, §§ 10-15, pp. 534-542, and many cases there collected and discussed.) Here, as in *Popejoy* v. *Hannon, supra,* 37 Cal.2d 159, plaintiff was "pursuing a common law remedy which existed before the enactment of the statute and which continues to exist in cases not covered by the statute." (*Id.,* at p. 173-174.) The trial court clearly had subject matter jurisdiction over such an action unless and until it was properly demonstrated that the case was one "covered by the statute" due to the presence therein of the conditions of compensation set forth in section 3600 of the Labor Code. As indicated above, such a demonstration may occur in one of two ways—i.e., either by the plaintiff through alleging facts indicating coverage under the act in his pleadings, or by the defendant through setting up the affirmative defense of coverage in responsive pleadings and proceeding to prove the existence of

---

[8]The conditions of compensation liability, as indicated above (fn. 7, *ante*), are set forth in section 3600 of the Labor Code. Although the conditions enumerated in subdivisions (a) through (g) of that section do not specifically include a showing that the employer has secured the payment of compensation through compliance with section 3700 et seq. of the code, the introductory sentence of the section indicates that the concurrence of the enumerated conditions results in coverage under the act "except as provided in section 3706. . . ." The latter section, of course, permits the injured employee to maintain a civil action against an uninsured employer "as if this division did not apply." Because an employer faced with a civil complaint seeking to enforce a common law remedy which does not state facts indicating coverage by the act bears the burden of pleading and proving "that the [act] is a bar to the employee's ordinary remedy" (*Popejoy* v. *Hannon, supra,* 37 Cal.2d 159, 173), we believe that the burden includes a showing by the employer-defendant, through appropriate pleading and proof, that he had "secured the payment of compensation" (Lab. Code, § 3706) in accordance with the provisions of the act. (See and cf. *Coleman* v. *Silverberg Plumbing Co., supra,* 263 Cal.App.2d 74, 79.)

[9]It is possible, of course, that some evidence presented by defendant at trial may have been directed to demonstrating the existence of the conditions of compensation and the application of the act. The record before us, however, does not contain such evidence. (See fn. 2, *ante,* and accompanying text.) In any event no suggestion is made that defendant at any time amended or sought to amend his pleadings to set forth the affirmative defense in question.

the requisite conditions. When, as in this case, no such demonstration has been made in either fashion, the court properly proceeds to exercise its existing jurisdiction to enforce the common law remedy.

Our conclusion in this respect is not altered by the fact that defendant sought to raise the defense in question by means of a motion for nonsuit, filed at the conclusion of plaintiff's case in chief, as well as by posttrial motions for new trial and judgment notwithstanding the verdict. Plaintiff's complaint, without reference to any facts which would indicate an employment relationship, sought to invoke her common law remedy for damages for assault and battery. Defendant's answer as here relevant generally and specifically denied all of the allegations of the complaint but failed to set up the bar of the Workers' Compensation Act by way of affirmative defense. At that point, and pending further amendment of the pleadings, the issues between the parties and before the court were joined. We do not believe that defendant, by referring in a motion for nonsuit to certain portions of plaintiff's testimony which indicated the possible availability of a defense under the act,[10] may thereby cure his fundamental failure to place that defense in issue, as the law clearly required him to do if he wished to rely on it.[11]

Finally, we reject defendant's suggestion that the foregoing matter should not be considered by us on appeal because plaintiff failed to raise it until she filed her answer to the brief of amicus curiae. The question before us, under clearly applicable law, is whether defendant may now invoke the protection of the Workers' Compensation Act after having failed to do so in proper and timely fashion before the trial court. This is not a matter whose resolution depends on the diligence of the respondent

---

[10]It is notable in addition that no portion of plaintiff's testimony indicated that defendant had "secured the payment of compensation" (Lab. Code, § 3706), in accordance with the act. (See fn. 7, *ante.*)

[11]The case of *Coleman* v. *Silverberg Plumbing Co., supra,* 263 Cal.App.2d 74, which is relied upon by the dissenting opinion in support of its contrary position, is in fact strongly supportive of the position here stated. That case, as the court therein indicated, involved an action under Labor Code section 3706 in which the plaintiff, claiming that defendant employer had failed to "secure the payment of compensation" (Lab. Code, § 3706), sought to invoke the presumption of negligence contained in section 3708 of the same code. The Court of Appeal, in affirming a judgment entered after the granting of a motion for nonsuit, relied on well settled authority to the effect that in a *statutory* action such as that before the court involving the presumption of section 3708, it was *plaintiff's* obligation to plead and prove violation of section 3700 by his failure to carry workers' compensation insurance. As the dissenting opinion fails to point out, however, the court was also careful to note: "We are not here concerned with *common law* causes of action, in which case it is incumbent on the *defendant* to plead and prove the employer-employee relationship and workmen's compensation insurance coverage. (*Popejoy* v. *Hannon* (1951) 37 Cal.2d 159, 173-174.)" 263 Cal.App.2d at p. 79; italics added.)

in bringing it to our attention but a matter whose resolution is essential to our consideration of the merits of the substantive issue sought to be raised by the appellant.

The judgment is affirmed.

Bird, C. J., Tobriner, J., Mosk, J., and Newman, J., concurred.

**RICHARDSON, J.**—I respectfully dissent, assuming that it is fundamental California law that the lack of subject matter jurisdiction may be raised by the parties at any time, even, for the first time, on appeal. (*Consolidated Theatres, Inc.* v. *Theatrical Stage Employees Union* (1968) 69 Cal.2d 713, 721 [73 Cal.Rptr. 213, 447 P.2d 325]; *Keithley* v. *Civil Service Bd.* (1970) 11 Cal.App.3d 443, 448 [89 Cal.Rptr. 809]; 1 Witkin, Cal. Procedure (2d ed. 1970) Jurisdiction, § 10, pp. 534-536; 3 Witkin, *supra,* Pleading, § 819, p. 2427.)

The applicable rule was well stated in *Keithley,* "The question of jurisdiction has been raised by plaintiff for the first time on this appeal. In the court below plaintiff did not contend that the [Civil Service] Board did not have jurisdiction . . . . Subject matter jurisdiction may not, however, be conferred by consent, waiver or estoppel. [Citations.] Accordingly, an objection to subject matter jurisdiction may be raised for the first time on appeal *since it is never deemed waived.* [Citations.]" (Italics added, p. 448.)

We have recognized a second controlling principle. "[I]t is settled that the [Workers' Compensation Appeals] Board has *exclusive jurisdiction* to determine the extent of recovery for an injury suffered when the 'conditions of compensation concur.' (Lab. Code, § 3600; *Scott* v. *Industrial Acc. Com.* (1956) 46 Cal.2d 76, 83 [293 P.2d 18].) Conversely the employer is immunized under sections 3600 and 3601 from an action at law brought by the employee for such injury." (*Unruh* v. *Truck Insurance Exchange* (1972) 7 Cal.3d 616, 624 [102 Cal.Rptr. 815, 498 P.2d 1063].) Unquestionably then, if plaintiff's injuries arose out of, and in the course of, her employment with defendant (and the majority does not dispute that fact), the trial court herein lacked jurisdiction over the subject matter of plaintiff's action. It follows inexorably from the interaction of the foregoing principles that defendant had the right to contest the trial court's jurisdiction *at any time.* He may even make his contention initially on appeal.

In the matter before us, defendant did not await an appeal to press the jurisdictional point. He raised the issue at the conclusion of plaintiff's case, based upon the evidence she adduced at trial. As properly noted by the majority, plaintiff's complaint was entirely silent on the question of whether her injuries arose from her employment. Nonetheless, plaintiff's own proof established that the injury was work-related, thereby triggering defendant's motion for nonsuit. Under such circumstances, defendant's motion was both timely and proper.

The cases cited by the majority (e.g., *Popejoy* v. *Hannon* (1951) 37 Cal.2d 159 [231 P.2d 484]) are inapposite for, with one exception, they fail to consider whether the availability of a workers' compensation recovery divests the trial court of subject matter jurisdiction, and whether such a jurisdictional defect may be raised at any time. One of the majority's cases, however, clearly supports the view herein asserted, for it holds that whether an injury was covered by workers' compensation insurance "is a question going to the jurisdiction of the superior court to entertain the action for wrongful death. [Citations.] *It may be raised by a motion for nonsuit* [citation] . . . ." (*Coleman* v. *Silverberg Plumbing Co.* (1968) 263 Cal.App.2d 74, 79-80 [69 Cal.Rptr. 158], italics added.)

The majority emphasizes the fact that the trial court had general subject matter jurisdiction over common law tort actions such as plaintiff's suit. Yet the majority also acknowledges that such jurisdiction lasted only "unless and until it was properly demonstrated that the case was one 'covered by the statute' due to the presence therein of the conditions of compensation set forth in section 3600 of the Labor Code." (*ante,* p. 98.) The majority inexplicably fails to realize that plaintiff herself proved at trial that she suffered an injury which arose out of, and in the course of her employment. (The evidence disclosed that plaintiff was assaulted *by* her employer, *on* the employment premises, *during* her working hours, and that the assault was *causally connected* with plaintiff's employment.)

The majority suggests (*ante,* p. 98) that the record is silent regarding defendant's workers' compensation insurance coverage. However, the premise of such coverage was implicit in defendant's motion for nonsuit, which asserted the availability of a workers' compensation remedy for plaintiff. Moreover, state law requires *every employer* to secure such coverage (Lab. Code, § 3700). Furthermore, *every licensee* such as defendant is required both to designate in his license application the name of his workers' compensation insurer and to acknowledge his

awareness of the requirement for insurance coverage. (Bus. & Prof. Code, § 16545.) Thus, we reasonably may presume that defendant had secured coverage. Of course, in the event such coverage were found not to exist, the present action could be readily reinstated.

I would reverse the judgment in plaintiff's favor.

Clark, J., concurred.

Appellant's petition for a rehearing was denied February 1, 1979. Clark, J., and Richardson, J., were of the opinion that the petition should be granted.