[No. A045188. First Dist., Div. Five. May 15, 1990.]

MARVIN ROWLAND, Plaintiff and Appellant, v.
COUNTY OF SONOMA, Defendant and Respondent.

COUNSEL

Teal & Montgomery, Barbara L. Bozman-Moss and Gary V. Judd for Plaintiff and Appellant.

Senneff, Bernheim, Emery & Kelly and Mark D. Peters for Defendant and Respondent.

OPINION

LOW, P. J.—Marvin Rowland, an inmate in the Sonoma County jail, was being driven from work detail in a county-owned station wagon when the

car suddenly lost its right front wheel and abruptly stopped. Rowland was thrown around the car's interior and sustained injuries to his neck and back. The county denied his claim and Rowland filed suit.

The county moved for summary judgment on the grounds that it is generally immune from liability for injuries to prisoners (see Gov. Code, § 844.6), and plaintiff did not establish the exception to immunity for injuries caused by negligent operation of a vehicle (see Gov. Code, § 844.6, subd. (b); Veh. Code, § 17001). The trial court agreed, ruling that plaintiff failed to produce any evidence of negligent operation or maintenance of the vehicle. The court rejected any proof of negligence under the theory of res ipsa loquitur, concluding that plaintiff failed to show that the vehicle was maintained or serviced by a county employee rather than an independent contractor.

We choose not to address the merits of the appeal because the issue of subject matter jurisdiction is yet to be decided. Excerpts of plaintiff's declaration submitted with the motion for summary judgment indicate that he was working at the Sonoma County dumpsite at the time of his injury. There is no indication whether he volunteered for the assignment or if it was required as a condition of incarceration. Plaintiff was not certain if he received sentence credits for the work done. This motion and the declarations raise the issue whether plaintiff was an "employee" of the county as defined by the Workers' Compensation Act. If so, the exclusive workers' compensation remedy would apply and the civil courts would then have no jurisdiction over the matter. (Lab. Code, §§ 3600-3602; *Wright* v. *FMC Corp.* (1978) 81 Cal.App.3d 777, 779 [146 Cal.Rptr. 740].) Jurisdiction, once determined, is exclusive and is not concurrent. (*Scott* v. *Industrial Acc. Com.* (1956) 46 Cal.2d 76, 83 [293 P.2d 18].)

The issue of jurisdiction was not discussed below, and we are unable to determine from this record whether, as a matter of law, plaintiff/inmate was an "employee" of the county at the time of his injury. An employee injured through the negligence of his employer cannot ordinarily sue in tort. If plaintiff was an employee and was injured, as stated in the declarations, in the course of his employment, he may have a swift and simple remedy before the Workers' Compensation Appeals Board. The parties cannot waive this remedy and confer jurisdiction on the civil courts by stipulation or estoppel. (*Summers* v. *Superior Court* (1959) 53 Cal.2d 295, 298 [1 Cal.Rptr. 324, 347 P.2d 668].) It is therefore necessary to remand this matter to the trial court for a determination of this threshold issue.

Labor Code section 3351 provides in relevant part: " 'Employee' means every person in the service of an employer under any appointment or

contract of hire or apprenticeship, express or implied, oral or written, whether lawfully or unlawfully employed . . . ." The statute includes persons incarcerated in state penal or correctional institutions while engaged in assigned work, but says nothing about the status of a county inmate. The trial court has the duty to decide in the first instance whether it has jurisdiction of the subject matter and the parties. This process will involve the determination of jurisdictional facts and of jurisdictional questions of law. (*Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280, 302 [109 P.2d 942, 132 A.L.R. 715].) The trial court must determine whether a county inmate was an "employee" on a case-by-case basis using the general definition of employee. (See generally, *Parsons* v. *Workers' Comp. Appeals Bd.* (1981) 126 Cal.App.3d 629, 636, fn. 3 [179 Cal.Rptr. 88].) ■ In making this decision the trial court should consider the following questions, inter alia: (1) Did the county require plaintiff to work as a condition of incarceration?; (2) Did plaintiff volunteer for the assignment?; and (3) What considerations were received, if any, for example, monetary compensation, work-time credits, freedom from incarceration, etc.? (See, e.g., *Morales* v. *Workers' Comp. Appeals Bd.* (1986) 186 Cal.App.3d 283, 288-289 [230 Cal.Rptr. 575]; *Parsons, supra,* at p. 638; *Pruitt* v. *Workers' Comp. App. Bd.* (1968) 261 Cal.App.2d 546, 550-551 [68 Cal.Rptr. 12].)

A separate issue arises concerning the pleading rule that the defendant must raise the exclusive workers' compensation remedy as an affirmative defense or waive the protection of the statute. (*Doney* v. *Tambouratgis* (1979) 23 Cal.3d 91, 98-99 [151 Cal.Rptr. 347, 587 P.2d 1160]; *Popejoy* v. *Hannon* (1951) 37 Cal.2d 159, 173-174 [231 P.2d 484]; see also *Gillespie* v. *Rawlings* (1957) 49 Cal.2d 359, 361, fn. 1 [317 P.2d 601].) Two Supreme Court cases, *Doney* and *Popejoy* (and perhaps the footnote in *Gillespie*), stand for the proposition that in a common law action for damages defendant must affirmatively plead the exclusive remedy of workers' compensation. In *Popejoy, supra,* plaintiff was an employee of Sugarman, and Sugarman conducted a trucking business on defendants' premises while employed as a foreman in defendants' lumber company. Plaintiff sued for damages for personal injuries sustained on defendants' premises. Defendants argued that if plaintiff recovered from them for Sugarman's negligence under the doctrine of respondeat superior, they could recoup from Sugarman. The result would be that Sugarman, as plaintiff's employer, would be required to pay damages instead of compensation, contrary to the policy of the Workers' Compensation Act. The court held that defendants had to specifically plead the affirmative defense. Since defendants failed to plead their relationship as employers of Sugarman, the defense was lost. (37 Cal.2d at p. 173.)

In *Doney, supra,* 23 Cal.3d 91, plaintiff sued her employer for intentional assault after her first night of renewed work as a dancer/cocktail waitress.

Her complaint did not mention or suggest that plaintiff and defendant had an employment relationship or that the injuries arose out of or were in the course of employment. Only after jury trial and a plaintiff's verdict for general and punitive damages did the defendant raise the possible application of workers' compensation. The defendant did not affirmatively raise the issue in his pleadings and defendant could not, now before the Supreme Court, raise the defense. (23 Cal.3d at p. 98.) A number of prior conflicting cases have questioned whether an intentional or criminal assault of an employee is ever in the course and scope of employment. Some courts concluded that employers who intentionally assault an employee should not escape punitive damages by raising a defense of workers' compensation. (See 2 Witkin, Summary of Cal. Law (9th ed. 1987) Workers' Compensation, § 42, pp. 595-597.) Subdivision (b)(1) of Labor Code section 3602 was added in 1982 to henceforth specifically permit an employee to bring a civil action for damages against an employer, as if the Workers' Compensation Act did not apply, if the employee's injury was caused by a wilful physical assault by the employer. (Stats. 1982, ch. 922, § 6, p. 3367.) Since 1982, subject matter jurisdiction is statutorily conferred on the civil courts in assault cases.

*Popejoy* and *Doney* present unique factual and legal situations. Here, defendant county purposely sought to waive workers' compensation and confer civil jurisdiction. Nevertheless, *Popejoy* and *Doney* still have vitality. An exception to the duty to affirmatively plead a workers' compensation defense exists if the complaint directly or indirectly alleges facts indicating an employment relationship. (*Doney* v. *Tambouratgis, supra,* 23 Cal.3d at pp. 97-98.) If the complaint or the record otherwise demonstrates an employment relationship, and if the jurisdiction of the Workers' Compensation Appeals Board is truly exclusive, then the trial court's jurisdiction is limited to a determination of the jurisdictional issue. (*Scott* v. *Industrial Acc. Com., supra,* 46 Cal.2d at p. 83.) Another exception should apply when postpleading motions indicate that the conditions of compensation might exist. (*Doney, supra,* 23 Cal.3d at p. 98, fn. 9.) Indeed, it is rare that a lack of subject matter jurisdiction will be disclosed by plaintiff's complaint. Evidence disclosed from declarations, admissions, or deposition testimony in support of or in reply to a motion for summary judgment may be stronger than bare pleadings in the complaint to notify the parties and the court of the possible exclusive remedy of workers' compensation.

Although lack of subject matter jurisdiction can be attacked at any time, counsel for the parties have the duty to raise this fundamental objection at an early time. This saves the unnecessary expense of a trial and its preparation; it promotes judicial economy and determines at the beginning of the process whether a matter properly belongs in the civil court; it also reduces

the cost of possible writ review or an appeal. Early determination is also respectful of the legislative policy dictated by the Labor Code and the Code of Civil Procedure.

The issue of plaintiff's employee status, vel non, must be determined in the trial court.

The judgment is reversed and remanded to the trial court with directions to conduct a hearing and make a determination of whether plaintiff was an employee of defendant county at the time of his injury. Each party is to bear its own costs on appeal.

Haning, J., and Stein, J.,* concurred.

King, J., deeming himself disqualified, did not participate.

---

* Assigned by the Chairperson of the Judicial Council.