[No. A056243. First Dist., Div. Five. Sept. 21, 1993.]

JOHN J. LUCICH, JR., et al., Plaintiffs and Appellants, v.
CITY OF OAKLAND et al., Defendants and Appellants.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rule 976.1(a), this opinion is certified for publication with the exception of sections II.A and II.C through II.E.

## COUNSEL

Thomas A. Seaton for Plaintiffs and Appellants.

Jayne M. Williams, City Attorney, Randolph W. Hall, Assistant City Attorney, Robert J. Graham, Joan Wolff, Crosby, Heafey, Roach & May and Kathy M. Banke for Defendants and Appellants.

## OPINION

PETERSON, P. J.—A jury found that the City of Oakland, its fire chief, and its city manager (collectively appellants) had wrongly refused to grant merit promotions to John J. Lucich, Jr., James R. Catalano, and Bob B. Means II (respondent firefighters). The jury awarded the three respondent firefighters a total of $650,000 in backpay and other damages. Appellants contend the judgment must be reversed because: (1) the City Charter of Oakland, which guarantees a right to be promoted based upon merit, does not create a cause of action in tort; (2) respondents' exclusive remedy for emotional distress was the workers' compensation act; (3) respondents failed to file administrative claims against the city under the Tort Claims Act; and (4) the damages were excessive. We will reject these contentions, most of which were not properly raised in the trial court.[1]

The three respondent firefighters also cross-appeal from trial court rulings which (1) rejected their claims of denial of federal due process rights, and (2) denied their request for attorney fees. We find no merit in these appellate contentions, and will affirm the judgment in every respect.

## I. FACTS AND PROCEDURAL HISTORY

There is no challenge to the jury verdicts on the grounds of insufficiency of the evidence. We summarize the facts briefly as background to the legal issues raised in this appeal.

---

[1] Crosby, Heafey, Roach & May, which presented oral argument for City in this appeal, did not participate in the superior court trial of this case.

The three respondents were employed as firefighters by the City of Oakland (City). The City Charter provides that promotions within the fire department, as elsewhere within the City's civil service, will be based solely upon merit. Section 900 of the charter provides, in pertinent part: "It is the policy of the City that there shall be a comprehensive personnel system based on merit and such system shall be continued and maintained for the purpose of providing an equitable and uniform procedure for dealing with personnel matters; to serve the mutual interests of the people, the City as an employer and its employees through accepted modern concepts and practices of public personnel administration; . . . and to provide the employees security of tenure, with advancement or promotion within the service where practicable from among employees having appropriate qualifications, free of discrimination . . . ."

The three firefighters alleged in this lawsuit that the City, its fire chief, and its city manager wrongly denied them merit promotions within the fire-department for which they were qualified, and instead promoted other employees who were less qualified or less meritorious. The three fire-fighters claimed this failure to promote them to higher ranks within the department violated their rights to promotion based upon merit under section 900 of the City Charter, as quoted above, and constituted racial discrimination in violation of 42 United States Code section 1983. The firefighters sought injunctive relief and damages.

After extensive pretrial proceedings, the case proceeded to trial by jury on the two theories of liability discussed above. The jury found that the fire-fighters had been denied merit promotions in violation of the City Charter, but rejected the claims of racial discrimination. The jury found that the City, its fire chief, Samuel Golden, and its city manager, Henry Gardner, were liable to respondents for the denial of their right to merit promotions. The jury awarded damages of $221,000 to respondent Lucich, $222,000 to respondent Catalano, and $207,000 to respondent Means.

Subsequently, the trial court also granted the injunctive relief requested by respondents, ordering that the respondent firefighters "be deemed promoted" to the ranks they had sought, with seniority retroactive to the dates in 1983 and 1984 when the wrongful denial of merit promotion occurred. The City and its two named employees timely appealed.

The trial court had also previously rejected respondents' claims for attorney fees under Code of Civil Procedure section 1021.5, and their claims that the denial of merit promotions violated their federal due process rights. A timely cross-appeal was filed from these rulings.

## II. DISCUSSION

We affirm the judgment and rulings of the trial court in all respects.

### A. *Cause of Action for Violation of City Charter**

. . . . . . . . . . . . . . . . . . . . . . . . . . .

### B. *Workers' Compensation Act*

Next, the City argues the substantial recoveries obtained by the three respondents must have included elements of general damages traceable to their emotional distress at being repeatedly passed over for promotion, and the City suggests the emotional distress component of such damages should have been barred by the exclusive remedy principle of the Workers' Compensation Act.

■ First, the issue was waived for failure to raise it at all below, either before trial, or at trial. It certainly cannot be raised for the first time on appeal after a jury verdict. (*Doney* v. *Tambouratgis* (1979) 23 Cal.3d 91, 96-97 [151 Cal.Rptr. 347, 587 P.2d 1160].) In *Doney*, which is on all fours with the present situation, our Supreme Court squarely held that, following a jury verdict for general tort damages against the defendant, he could not raise for the first time on appeal the question of whether an employee's suit in tort was barred by the exclusivity principle of the workers' compensation laws: "It is clear, however, that defendant is precluded from raising this contention by his failure to plead and prove it as an affirmative defense in this action." (P. 96.)

A panel of this court (Division Five) cited *Doney*, yet reached a different result on distinguishable facts, in *Rowland* v. *County of Sonoma* (1990) 220 Cal.App.3d 331, 334-335 [269 Cal.Rptr. 426]. (Per Low, P. J., with Haning, J., and Stein, J., conc.) Appellants rely upon *Rowland*, but in this context the reliance is misplaced.

In *Rowland*, there had been no trial. Therefore, *Doney* and the other cases we have cited above, dealing with the doctrine of the theory of trial,[3] were not directly applicable. Considered critically, the actual holding in *Rowland*

---

*See footnote, *ante*, page 494.

[3]*Pool* v. *City of Oakland* (1986) 42 Cal.3d 1051, 1065-1066 [232 Cal.Rptr. 528, 728 P.2d 1163] ("[Appellant] did not raise this argument below. Nor did it request jury instructions embodying these principles. Its contention, therefore, may not be raised for the first time on appeal. [Citations.]"); *Planned Protective Services, Inc.* v. *Gorton* (1988) 200 Cal.App.3d 1, 13 [245 Cal.Rptr. 790] ("The doctrine of theory of the case has been applied where the parties assumed the applicability of a particular statute or ordinance."); *In re Marriage of Broderick* (1989) 209 Cal.App.3d 489, 501 [257 Cal.Rptr. 397] (Per Anderson, P. J.: "Similarly, an

was that the summary judgment entered upon other grounds, not relevant here, was reversed; the matter was remanded for further proceedings in the trial court in which the parties could raise and litigate the question of workers' compensation exclusivity. (See 220 Cal.App.3d at p. 336.) The holding was correct, on the unique facts there asserted; the remainder of the opinion was dicta which need not be more explicitly addressed here.

In the present case, the matter proceeded to trial and jury verdict where the trial court had uncontested and at least facially valid jurisdiction over the claims asserted and the demands for damages made. An attack in the appellate court on the trial court's jurisdiction, after the defendant suffered an unfavorable jury verdict, comes far too late. "We do not believe that the conclusion we here reach results in the improper 'conferral' of subject matter jurisdiction by means of consent, waiver, or estoppel. [Citations.] . . . The trial court clearly had subject matter jurisdiction over such an action unless and until it was properly demonstrated that the case was one 'covered by the [workers' compensation exclusivity] statute' due to the presence therein of the conditions of compensation . . . ." (*Doney* v. *Tambouratgis, supra*, 23 Cal.3d at p. 98.) The present case is obviously not one in which the respondent firefighters contended or demonstrated that some portion of their general damages for breach of public policy were partially barred by the workers' compensation laws, nor is it a case in which the City ever made such a demonstration in the trial court. "When, as in this case, no such demonstration has been made in either fashion, the court properly proceeds to exercise its existing jurisdiction to enforce the common law remedy." (*Id.* at p. 99.)

We conclude the error, if any, was waived and may not be asserted on appeal. However, we can hardly fault appellate counsel for raising the point, since our own *Rowland* opinion might, considered outside of its unique factual context, have seemed to muddy the waters. Our concern in this opinion has been to identify, address, and clarify an ambiguity arising from dicta in *Rowland*, which seemed to have led both parties astray. Appellants' claim of error in the trial court's alleged failure to apply the doctrine of exclusivity of remedy of the Workers' Compensation Act having been waived, we will not address its merits. Thus, we need express no opinion here as to whether a public employee's claim for violation of public policy because the public employer failed to follow merit selection procedures specified by statute, or his claim for damages for emotional distress allegedly arising therefrom, is meritorious; or if they are barred by workers' compensation exclusivity principles, had such questions been timely raised

appellant waives his right to attack error by expressly or implicitly agreeing or acquiescing at trial to the ruling or procedure objected to on appeal.").

by way of defense. We leave these issues for resolution by the appropriate court in a future case where they are properly raised and preserved for decision.[4]

C.-E.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### F. The Parties to an Appeal May Not Obtain Rehearing and Dismissal of a Cause After Oral Argument and Submission by Stipulation

■ There is yet another issue, however, belatedly raised by this case. At oral argument of the matter on September 2, 1993, our questions to counsel necessarily indicated what the likely result in this case would be. The day after oral argument and submission of the matter for decision, we received a letter from counsel for the City, asserting that after argument the parties had reached a negotiated disposition of the matter which would be finalized and result in a motion to dismiss the appeal, to be filed "within three weeks, if not sooner."[5] The City never filed a motion to dismiss the appeal. Having scheduled and heard argument and reached our decision, we issued the same. The City then filed on October 6, 1993, with its petition for rehearing, copies of its documents (described in footnote 5) executed after the issuance of our opinion, reflecting a purported negotiated disposition. The City also sought (more than four weeks after oral argument and submission of the cause, and about two weeks after the opinion was issued) a grant of rehearing and dismissal of this case in this court, and the retraction or depublication of our published opinion. The City cited *Neary* v. *Regents of University of California* (1992) 3 Cal.4th 273 [10 Cal.Rptr. 2d 859, 834 P.2d 119], in support of these desiderata.

---

[4]See *Gantt* v. *Sentry Insurance* (1992) 1 Cal.4th 1083, 1098-1100 [4 Cal.Rptr.2d 874, 804 P.2d 680] (The Workers' Compensation Act does not preempt a tort claim for emotional distress damages, arising from a violation of public policy brought by an employee of a *private* company); see also *Shoemaker* v. *Myers* (1992) 2 Cal.App.4th 1407, 1418-1419 [4 Cal.Rptr.2d 203]; *Cole* v. *Fair Oaks Fire Protection Dist.* (1987) 43 Cal.3d 148, 160 [233 Cal.Rptr. 308, 729 P.2d 743] ("We have concluded that, when the misconduct attributed to the employer is actions which are a normal part of the employment relationship, such as demotions, promotions, criticism of work practices, and frictions in negotiations as to grievances, an employee suffering emotional distress causing disability may not avoid the exclusive remedy provisions of the Labor Code by characterizing the employer's decisions as manifestly unfair, outrageous, harassment, or intended to cause emotional disturbance resulting in disability.").

*See footnote, *ante*, page 494.

[5]The case was argued September 2, 1993. City's letter of September 3, 1993, advised a conference following that argument had led to a settlement agreement awaiting the finality of documentation "within three weeks," which would lead to a motion to dismiss the fully briefed and argued appeal. Our opinion was filed September 21, 1993; a purported "Satisfaction of Judgment" dated September 24, 1993, accompanied by a request for dismissal dated the same day, was filed in the *trial* court (which then had no jurisdiction to do so). (See Cal. Rules of Court, rule 19(b).)

*Neary* does not support the City's belated position on these points. ■ In *Neary*, a majority of our Supreme Court held that a negotiated disposition including the stipulated reversal of the *trial court*'s decision should be accepted, and the appeal should be dismissed, prior to briefing on the merits and submission of the matter for decision—since this would serve interests of judicial economy and would spare the parties, courts, and the public the costs of pursuing and processing the appeal. (3 Cal.4th at p. 285.)

■ Here by contrast, no such interests of judicial or private economy would be served by the granting of the City's request. The parties and the courts would not be saved anything by vacating an appellate decision entered following submission of a matter for decision. Indeed, the attempt to obtain such a result has imposed costs on the parties and the courts, simply in order to make, brief, and process such a request.

The City's argument erroneously presumes that oral argument, submission of an appeal for decision, and the issuance of an appellate opinion therein, is simply some sort of extended settlement conference in which the parties can gauge the reception of their appellate positions by the court's reaction thereto and thus treat the appellate process as simply furnishing an oral, and then a written, advisory opinion. ■ However, as our Supreme Court held in *Neary*, *supra*, "The well-established rule is that we should avoid advisory opinions. [Citation.]" (3 Cal.4th at p. 284.)

■ *Neary* does not permit the parties to avoid the existence of an expected adverse appellate decision by so engaging the court's time and resources, and then precluding the finality or publication of an anticipated opinion with purported settlement documents whether or not filed in a lower court lacking jurisdiction or in the appellate courts. Appellate courts are not weather vanes for use in gauging an anticipated result. We emphatically reject this interpretation of an appellate court's function when it submits a matter for decision and then issues an opinion. This court, like many others, has established procedures for holding settlement conferences before justices who will not participate in a decision on an appeal, in order to spare the parties and the public the costs of appellate proceedings. (See Ct. App., First App. Dist., Local Rules, rule 3 [West's Cal. Rules of Court (state ed. 1993 rev.) p. 884].) If the parties desire an impetus for settlement, they should avail themselves of that opportunity. The procedure followed here, awaiting oral arguments on a fully briefed appeal and settling after submission and after a written decision is filed, saves no one's time or money, a prime object of this court's local rule 3. Moreover, our case disposition in such circumstances is not to be interrupted or stayed because a party to the appeal gets sufficiently cold feet, after exposure to the court's questions on argument

and submission, to generate settlement negotiations and notice to the court of settlement pending. City's position, for which *Neary* is urged as authority, is merely a subterfuge, concealing an impermissible motive: manipulation of the appellate function to allow litigants to test the judicial water to the fullest while preserving the option of avoiding the precedential effect of an appellate decision if that test proves foreboding.

This theory, carried to its logical extension, would arguably have jeopardized the Supreme Court's *Neary* opinion itself. It might not have survived in published form, since the parties had, by City's definition, already settled prior to its issuance.

Our Supreme Court has also more explicitly rejected the City's approach, concerning settlements belatedly concocted to avoid the existence of unfavorable precedent. In *D. I. Chadbourne, Inc.* v. *Superior Court* (1964) 60 Cal.2d 723, 731-732, footnote 5 [36 Cal.Rptr. 468, 388 P.2d 700], our Supreme Court denied a motion to dismiss an appeal even though the matter had been settled—where the matter was only settled after the Supreme Court granted a hearing, apparently to avoid issuance of an unfavorable precedential decision. And in *Liberty Mut. Ins. Co.* v. *Fales* (1973) 8 Cal.3d 712, 715-716 [106 Cal.Rptr. 21, 505 P.2d 213], our Supreme Court also refused to dismiss an appeal under analogous circumstances, following the granting of a hearing.

Similarly, in *Okuda* v. *Superior Court* (1983) 144 Cal.App.3d 135, 137, footnote 1 [192 Cal.Rptr. 388], the Fourth District refused to dismiss an appeal where, as here, the parties first participated in oral argument and then three days after argument stipulated to dismiss the matter, apparently to avoid a precedential decision. Finally, Justice Dossee of Division One of this district, in *In re Marriage of Dade* (1991) 230 Cal.App.3d 621, 627 [281 Cal.Rptr. 609], proceeded to the merits of an appeal on a question of public importance, even though the appellant had been forced to abandon it.

If our Supreme Court and the Courts of Appeal may refuse to dismiss a pending matter pursuant to stipulation where review has just been granted or oral argument held, but no opinion has issued, a fortiori we should decline to dismiss an appeal and vacate a decision after the matter is submitted for decision and the parties have received it in the mail, as here. In short, we conclude the City cannot pull its chestnuts out of the fire after they are already burned.

This conclusion is certainly not inconsistent with *Neary*. The *Neary* opinion was careful to point out that the stipulated reversal at issue in that

case related to the reversal of a *trial court* judgment, which lacked any value as a precedent. (3 Cal.4th at p. 282.) Thus, the problem of settlement to avoid or vacate a precedent was not at issue in *Neary*; and the Supreme Court, therefore, did not cite or apply its own applicable precedents such as *Chadbourne, supra,* 60 Cal.2d at pages 731-732, footnote 5, which related to the issue of belated settlements intended for the avoidance of an appellate precedent. Nothing in *Neary* overrules these decisions. We are bound by and follow them. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

### III. DISPOSITION

The judgment is affirmed. Appellants' motion to augment the record is denied. Each party shall bear its own costs on appeal.

King, J., and Haning, J., concurred.

A petition for a rehearing was denied October 20, 1993.