290 June 20, 2024 No. 411

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Brenda Ann IBARRA,
individually and as Personal Representative of
the Estate of Reberiano Gonzalez Ibarra, Sr.,
*Plaintiff-Respondent*
*Cross-Appellant,*

*v.*

C.H. MURPHY/CLARK-ULLMAN, INC. et al.,
*Defendants,*

*and*

AMERON INTERNATIONAL CORP,
individually and as successor-in-interest to Amercoat Corp,
*Defendant-Appellant*
*Cross-Respondent.*

Multnomah County Circuit Court
20CV25344; A179136

Eric L. Dahlin, Judge.

Argued and submitted April 30, 2024.

J. Aaron Landau argued the cause for appellant-cross-respondent. Also on the briefs was Harrang Long P.C.

James S. Coon argued the cause for respondent-cross-appellant. Also on the briefs were Thomas, Coon, Newton & Frost, and Brendan E. Little and Bergman Oslund Udo Little PLLC, Washington.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

EGAN, J.

On appeal, reversed and remanded; cross-appeal dismissed.

**EGAN, J.**

In this case concerning the application of California's workers' compensation laws, defendant appeals a general judgment entered after a jury trial awarding plaintiff $10 million on her claim for loss of consortium, which arose from her husband's exposure to asbestos on the job in the 1970s.[1] In its first assignment of error, defendant contends that the trial court erred when it granted partial summary judgment in favor of plaintiff. That ruling dismissed defendant's defense that, under California's "exclusive remedy rule," the workers' compensation law provided the exclusive remedy for the injuries at issue, because defendant had workers' compensation insurance at the time of the husband's injury. *See Jones v. Sorenson*, 25 Cal App 5th 933, 941, 236 Cal Rptr 3d 271, 277 (2018) ("Ordinarily, when an employee sustains a worksite injury, the exclusive remedy against his or her employer is provided by the workers' compensation law, and the employer is immune from a suit for damages. But if the employer has not secured workers' compensation coverage or its equivalent, an injured employee may bring a civil suit against his or her employer." (Internal quotation marks and citation omitted.)). As explained below, we agree with defendant that the trial court erred when it granted partial summary judgment in favor of plaintiff, and we reverse and remand.[2]

Plaintiff's motion for partial summary judgment asserted that the exclusive remedy rule did not bar plaintiff's claims, because section 3706 of the California Labor Code provides an exception to the exclusive remedy rule when a defendant has "fail[ed] to secure the payment of compensation" for injured employees. Cal Lab Code § 3706 ("If any employer fails to secure the payment of compensation, any injured employee or his dependents may bring an action at law against such employer for damages, as if this

---

[1] Plaintiff and her husband brought a civil action for damages against defendant and others. Plaintiff's husband died while this litigation was proceeding in the trial court and, after his death, plaintiff continued the litigation both in her individual capacity and as personal representative of her husband's estate.

[2] Our resolution of defendant's first assignment of error obviates the need to address defendant's second through fourth assignments of error. It also obviates the need to address the three assignments of error that plaintiff raises in her cross-appeal.

division did not apply."); *see also* Cal Lab Code § 3700 (providing that every employer except the state "shall secure the payment of compensation," and can do so by "being insured against liability to pay compensation by one or more insurers duly authorized to write compensation insurance in this state" or "securing from the Director of Industrial Relations a certificate of consent to self-insure"). Specifically, plaintiff asserted that defendant had failed to comply with the provisions of section 3702.8 of the California Labor Code, which imposes certain requirements on formerly self-insured employers—as relevant here, filing "annual reports as deemed necessary by the director to carry out the requirements of this chapter" and "depositing and maintaining a security deposit for accrued liability for the payment of any workers' compensation that may become due." Cal Lab Code § 3702.8(a). Plaintiff also asserted that defendant had the burden of establishing the applicability of the exclusive remedy rule, because the rule provides an affirmative defense.

The trial court agreed with each of plaintiff's assertions. It concluded that defendant had "the legal burden" to provide admissible evidence "that they had workers' compensation coverage to cover [the] injury at the time it occurred." It also concluded that defendant was required to comply with section 3702.8 of the California Labor Code to have the benefit of the exclusive remedy rule as a defense,[3] and, further, that it was "clear to the Court that Defendant *** was not in compliance with the provisions of [section] 3702.8" on the date that the injury occurred in 2020.[4] On

---

[3] We understand it to be an unresolved question under California law whether an employer who is subject to the requirements of section 3702.8 of the California Labor Code must comply with those requirements to be entitled to the benefit of the exclusive remedy rule. We need not resolve that issue in this appeal, however, because even assuming that it is the case that such an employer is required to comply with section 3702.8 of the California Labor Code to be entitled to the benefit of the exclusive remedy rule, as explained in this opinion, the trial court should not have granted plaintiff's motion for summary judgment.

[4] Under California law, "in most cases the date of the 'injury' is the date on which the alleged incident or exposure occurred," but "in cases of occupational diseases or cumulative injuries [the date of injury] is that date upon which the employee first suffered disability therefrom and either knew, or in the exercise of reasonable diligence should have known, that such disability was caused by his present or prior employment." *Ashdown v. Ameron Int'l Corp.*, 83 Cal App 4th 868, 877-78, 100 Cal Rptr 2d 20, 26-27 (2000) (internal quotation marks and emphasis omitted).

that basis, the trial court granted plaintiff's motion for partial summary judgment.

"We may affirm a grant of summary judgment if, when viewing the summary judgment record and taking all reasonable inferences in favor of the party opposing summary judgment, we conclude that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *VFS Financing, Inc. v. Shilo Management Corp.*, 277 Or App 698, 700, 372 P3d 582, *rev den*, 360 Or 401 (2016). "No genuine issue of material fact exists when, viewing the evidence in the light most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment." *Johnson v. Mullen*, 331 Or App 112, 114, 545 P3d 1261 (2024) (internal quotation marks omitted).

In defendant's first assignment of error, it asserts that, given the allegations in the complaint, which was brought against plaintiff's husband's former employer—including allegations that plaintiff's husband suffered work related injuries—under California law, plaintiff had the burden on summary judgment of establishing that the exclusive remedy rule did not apply, and that the trial court erred because it did not appropriately apply that burden.

We agree with defendant that, given the allegations in plaintiff's complaint, plaintiff had the burden of establishing that the exclusive remedy rule did not apply, and that the trial court erred by putting the burden on defendant to prove that it had "secured the payment of compensation" under California's workers' compensation statutes. *Gibbs v. American Airlines, Inc.*, 74 Cal App 4th 1, 14, 87 Cal Rptr 2d 554, 563 (1999) ("[I]nsurance is presumed where the plaintiff's complaint against his or her employer alleges work-related injuries indicating coverage of the workers' compensation act."); *see also Doney v. Tambouratgis*, 23 Cal 3d 91, 96, 587 P2d 1160, 1163-64 (1979) ("It has long been established in this jurisdiction that, generally speaking, a defendant in a civil action who claims to be one of that class

---

Here, we understand the injury to have occurred when plaintiff was diagnosed with mesothelioma, which was in February 2020.

of persons protected from an action at law by the provisions of the Workers' Compensation Act bears the burden of pleading and proving, as an affirmative defense to the action, the existence of the conditions of compensation set forth in the statute which are necessary to its application. *** *An exception to this general rule of pleading and proof by the defendant appears in the situation where the complaint affirmatively alleges facts indicating coverage by the act.*" (Emphasis added; internal citation and paragraph break omitted.)).

Plaintiff contends otherwise, asserting that California law "requires defendant to prove the exclusivity defense on summary judgment." We disagree with that assessment of California law, which we understand to be premised largely on the notion that the presumption that an employer holds workers' compensation coverage is only applicable on a "demurrer."[5] *See Gibbs*, 74 Cal App 4th at 1 (rejecting argument that insurance "is presumed on demurrer but not at trial").

Plaintiff also asserts that defendant conceded that it had the burden to prove that it had "secure[d] the payment of compensation" under California law. But the record does not reflect such a concession: Defendant argued in its response to plaintiff's motion for summary judgment that "only where the complaint ***does not*** indicate the existence of an employment relationship" does it become the defendant's burden to plead and prove that California's workers' compensation law provides the exclusive remedy. (Emphasis and boldface in original.) We do not understand defendant to have retreated from that position or otherwise conceded that point during oral argument on plaintiff's motion for partial summary judgment, as plaintiff contends.

Finally, plaintiff argues that "any presumption that might have been raised by the pleadings was fully rebutted by the evidence on summary judgment." In plaintiff's view, that evidence "proved the absence of a question of material fact"—*i.e.*, it proved that defendant had not "secured the payment of compensation" under California's workers'

---

[5]  A demurrer in California functions in a similar fashion to a motion to dismiss in Oregon. *See* Cal Civ Code § 430.10 (describing grounds for demurrer); ORCP 21 A (describing grounds for motion to dismiss).

compensation statutes because defendant failed to comply with the requirements of section 3702.8 of the California Labor Code.

We disagree with plaintiff. In our view, "taking all reasonable inferences in favor of" defendant, as the party opposing summary judgment, *VFS Financing, Inc.*, 277 Or App at 700, plaintiff failed to meet her burden.

As relevant to defendant's compliance with section 3702.8 of the California Labor Code, plaintiff's evidence included a document reflecting that defendant had switched from being self-insured to purchasing insurance in 2015 (which no party disputes) and deposition testimony from defendant's corporate representative that he (1) was not aware of any evidence that defendant "paid or maintained a deposit with the California Self-Insurance Fund after" defendant ceased being self-insured in 2015 and (2) was not aware of any evidence that defendant "submitted annual reports to the State of California Office of Self-Insurance Plans at any time following 2015."[6] The absence of evidence regarding defendant's conduct after it ceased being self-insured in 2015 that plaintiff points to was insufficient for plaintiff to meet her burden, particularly when considered in light of evidence submitted by defendant reflecting that *it had* maintained the security deposit required by section 3702.8 of the California Labor Code in June 2020 and June 2021, albeit there was no direct evidence that the deposit was in place at the time of the injury.[7]

---

[6] We understand it to be undisputed that defendant did not purchase "a special excess workers' compensation policy to discharge any or all of [defendant's] continuing obligations as a self-insurer to pay compensation or to secure the payment of compensation" as permitted under section 3702.8(c) of the California Labor Code.

[7] Plaintiff points to the unpublished opinion in *Lopez v. Delgadillo*, 2014 WL 1047253 (Cal Ct App Mar 19, 2014), for the proposition that "the *Gibbs* presumption may be rebutted," while also stating that this court has "not decided" whether unpublished California Court of Appeals decisions can be cited as persuasive authority in Oregon.

In *Lopez*, the California Court of Appeals concluded that the defendants were not required to plead "workers' compensation exclusivity as an affirmative defense" because the plaintiff's complaint alleged "an employment relationship and a workplace injury." Nevertheless, the California Court of Appeals determined that the trial court did not err in denying the defendants' motion to dismiss the plaintiff's complaint on the basis of the exclusive remedy rule, because of

Consequently, we conclude that the trial court erred.

On appeal, reversed and remanded; cross-appeal dismissed.

---

the defendants' "admission in an interrogatory response that they lacked insurance coverage." *Id.* at *2.

Assuming that *Lopez* is persuasive authority, as applied here, it, at best, demonstrates that it would have been improper to dismiss the complaint based on the exclusive remedy rule because plaintiff provided evidence from which a jury could have determined that defendant lacked insurance coverage. It does not demonstrate that plaintiff met her burden.