[Civ. No. 6888. Second Appellate District, Division One.—December 17, 1931.]

M. E. GUTTING, Appellant, v. GLOBE INDEMNITY COMPANY (a Corporation) et al., Respondents.

James E. Mahon for Appellant.

Joseph W. Pierce for Respondents.

THE COURT.—The court by a minute order made in response to a motion of the defendant, dismissed the action "without prejudice" and "for want of jurisdiction". Thereafter the defendant filed a costs bill, claiming them as of course. The plaintiff moved to strike this memorandum of costs. The court denied the motion. The appeal, as

stated in the notice of appeal, is "from the judgment and order of the court taxing costs in the above-entitled action . . . and from the order denying plaintiff's motion to strike from the records and files in said action the memorandum of costs and disbursements claimed by defendants".

There was no appeal from the judgment of dismissal. We therefore have directly presented the question of the right of the court to allow costs to a defendant upon dismissal of an action for want of jurisdiction. Presumably this was a determination of want of jurisdiction of the subject matter of the action. Section 1024 of the Code of Civil Procedure provides that "costs must be allowed of course to the defendant upon a judgment in his favor in the actions mentioned in section ten hundred and twenty-two, and in special proceedings". One of the actions described in section 1022 is an action for the recovery of money or damages, and this was an action of that character. We are of the opinion that the allowance of costs as authorized by said section 1024 is confined to cases of which the court has jurisdiction. It has been held by the Supreme Court that there can be no judgment for costs, except as a part of the judgment upon the issues in the action; that they are but an incident to the judgment, and if the court loses power to render a judgment between the parties upon the issues before it, it is equally powerless to render a judgment for the costs incurred therein. (*Begbie* v. *Begbie,* 128 Cal. 154 [49 L. R. A. 141, 60 Pac. 667].) To like effect, see *Thurston County* v. *Scammell,* 7 Wash. 94 [34 Pac. 470].

The orders are reversed.

York, J., dissented.