[Civ. No. 1901. Fourth Appellate District.—November 6, 1935.]

OLIVER ABLETT, Appellant, v. HANCOCK OIL COMPANY (a Corporation) et al., Respondents.

Robert B. Burch for Appellant.

George H. Emerson, Hunter M. Muir and Oral R. Finch for Respondents.

BARNARD, P. J.—In this action the plaintiff sought to enjoin and restrain the defendants from levying execution upon a judgment which the defendant oil company had secured against this plaintiff in a prior action in a justice's court. An answer was filed and the matter came on regularly for trial. The plaintiff introduced evidence, oral and documentary, and rested his case. The defendants then moved for a dismissal upon the grounds that the plaintiff had failed to prove that the defendant was a corporation, that the court was without jurisdiction for the reason that the plaintiff had not first exhausted his legal remedies in the court below, and that the plaintiff had failed to prove the allegations of his complaint. The matter was argued and submitted and the court entered an order in which, after reciting the above, it was ordered that the complaint be dismissed and that the defendant oil company recover its costs in the sum of $77. A *nunc pro tunc* order was later entered which, after the same general recitals, ordered the complaint dismissed "without prejudice, for the reason that the court is without jurisdiction in the case for the reason that the plaintiff had not first exhausted his legal remedies in the court below", and with the same award of costs.

The plaintiff has appealed on the judgment roll alone from both orders and judgments. The only point raised by the appellant is that the court was without authority to award a judgment for costs since the action was dismissed for want of jurisdiction. The appellant relies upon the quoted portion of the *nunc pro tunc* order, and upon such cases as *Begbie* v. *Begbie,* 128 Cal. 154 [60 Pac. 667, 49 L. R. A. 141], and *Gutting* v. *Globe Indemnity Co.,* 119 Cal. App. 288 [6 Pac. (2d) 298], where it has been held that there can be no

judgment for costs except as a part of the judgment upon the issues in the action and that where it appears that a court is without jurisdiction it has no authority to proceed or to consider any other question in the case.

In determining whether the court had power to award costs in this case the real question is whether the order and judgment entered should be interpreted as dismissing the action for a lack of jurisdiction to act therein or for a failure of proof. As was said in *Burlingame* v. *Manchester*, 44 App. D. C. 335: "There is a well-defined distinction between the lack of jurisdiction to grant equitable relief in a given case, and the want of jurisdiction which totally deprives a court of power to proceed." It fully appears that it is in the first of these senses that the words "without jurisdiction" are used in the *nunc pro tunc* order, as the same assigns the failure to exhaust other remedies as the reason for the absence of jurisdiction. That the appellant had not first exhausted his other remedies must have been disclosed by the evidence, for that fact does not appear from the pleadings, and the dismissal is thus based upon the appellant's failure to prove a certain fact.

The complaint alleged ground for equitable relief and the court had jurisdiction both of the parties and the subject-matter of the action. After a full hearing, in which the appellant presented all of his evidence, the court was faced with the question as to whether other remedies had been exhausted. In deciding that question the court was exercising jurisdiction and not refusing to act for lack of jurisdiction. The court was not without power to proceed in the matter and, in practical effect, the order made amounted to the granting of a motion for a nonsuit. The judgment was given upon issues which had arisen in the action and the allowance of costs was proper.

In view of our holding upon the main point presented certain other questions raised by the respondents, relating to the sufficiency of the record before us and the validity of the *nunc pro tunc* order, require no consideration.

The orders and judgments appealed from are affirmed.

Marks, J., and Jennings, J., concurred.