[Civ. No. 24928.   Second Dist., Div. One.   Mar. 21, 1961.]

SEALAND INVESTMENT CORPORATION (a Corporation), Plaintiff; KATHERINE E. MARTIN POWELL, as Secretary, etc., et al., Respondents, v. J. P. SHIRLEY, JR., et al., Appellants.

Frank B. Belcher, Belcher, Henzie & Fargo and Beardsley, Hufstedler & Kemble for Appellants.

Vaughn, Brandlin & Baggot, Emil Steck, Jr., and Abraham Berman for Respondents.

FOURT, J.—This appeal is ''from that part of the judgment . . . which denies costs against Katherine E. Martin Powell and Edward J. Powell, . . . and further appeal from that part of the minute order of March 30, 1960 . . . which denies costs against Katherine E. Martin Powell and Edward J. Powell.''

The facts and other matters relating to this case have been set forth in *Sealand Investment Corporation* v. *Emprise Incorporated et al.,* Civil No. 24808, *ante,* p. 305 [12 Cal.Rptr.

153], filed this day, and for the most part will not be repeated herein.

In part, the judgment in this case provides in pertinent part as follows:

"3. That said complaint was filed by Messrs. Vaughan, Brandlin & Baggot pursuant to instructions and authorization from Katherine E. Martin Powell and Edward J. Powell; and

"4. The court is without authority to award costs against Katherine E. Martin Powell and Edward J. Powell, *since they are not named as parties to this action.*

"5. The attorneys who commenced this action at the request of Katherine E. Martin Powell and Edward J. Powell have requested *that the costs in this dismissal be taxed against the corporation which was named as plaintiff herein.*

"6. Defendants are entitled to have this action and the complaint herein dismissed *and to recover judgment for costs against plaintiff. . . .*

"It is further ordered, adjudged and decreed *that the motion of defendants [i.e. appellants herein] for imposition of costs against Katherine E. Martin Powell and Edward J. Powell be and it hereby is denied.*

"It is further ordered, adjudged and decreed that the defendants named below [i.e., appellants herein] and each of them do have and recover from *plaintiff* [i.e., Sealand Investment Corporation] their respective costs of suit herein, in the respective amounts set forth opposite their names below as follows: . . ." (Emphasis added.)

We believe that appellants in this case are entitled to recover their costs. ▋ As stated in *McMahan's of Long Beach* v. *McMahan Service Corporation,* 145 Cal.App.2d 607, 609-611 [302 P.2d 847]:

"Section 1032, Code of Civil Procedure, provides that 'In the superior court, except as otherwise expressly provided, costs are allowed of course: . . . (b) To the defendant upon a judgment in his favor in special proceedings and in the actions mentioned in subdivision (a) of this section, *or as to whom the action is dismissed.'* (Emphasis added.)

"Thus we have express statutory authority for the award of costs to a defendant upon the dismissal of the action. No qualifications or conditions are imposed. He is entitled to his costs as a matter of right. . . .

". . . without regard to whether the action is legal or equitable."

▋ The question is whether the trial court erred in imposing costs upon the named corporate plaintiff, Sealand In-

vestment Corporation, rather than upon Katherine E. Martin Powell and Edward J. Powell, the individuals who "as directors of plaintiff corporation filed the present action on behalf of said corporation. . . ."

The Powells (respondents herein) assert that they were not parties to the action; that they instituted this action in their capacities as officers and directors of the corporation; that the recovery sought was for the corporation and the corporation alone; that the only benefit from the action would be an indirect benefit that Mrs. Powell and all of the other shareholders would gain by an increase in the assets of the corporation. They rely upon the general rule that costs are not taxable against a person who is not a party to the suit. (14 Am. Jur., Costs, § 29.)

The respondents overlook the fact that the corporation was an "unwilling" party to the action (i.e., the corporation did not desire to assert whatever rights it had, if any, under the circumstances). The Powells filed the action in the name of the corporation *without direct, apparent or implied authority to do so.* The costs involved were incurred because of their conduct and not the conduct of the corporation.

The attempt as here, to circumvent the available remedy of a derivative action cannot be sustained. It is inconsistent with concepts of fair play to impose costs upon a corporation which did not desire to maintain the action in the first instance. The Powells had a proper remedy available but have for some reason or another seen fit not to avail themselves of it. With that remedy, of course, go certain obligations (i.e., Corp. Code, § 834, subd. (b)—security for costs and attorneys' fees). If the obligation is upon the stockholder in a proper action, that is, in a derivative action, then *a fortiori*, the burden should not be placed upon the corporation where the officer, director, stockholder has acted *without authority* or pursued a non-available remedy.

Although the complaint indicated that Sealand Investment Corporation is "plaintiff," it is signed as follows:

"SEALAND INVESTMENT CORPORATION

"BY    ss    Katherine E. Martin Powell
             "Secretary-Treasurer and Director

"BY    ss    Edward J. Powell
             "Director

"VAUGHAN, BRANDLIN & BAGGOT

"BY    ss    J. R. VAUGHAN
             "Attorney for said Directors and thereby for said Plaintiffs"

As indicated Sealand Investment Corporation did not voluntarily undertake the prosecution of this action. The corporation was named as plaintiff against its will. While not faced with the problem which is before us it was stated by way of dictum in *McDonald* v. *Cutter*, 120 Cal. 44, at p. 46 [52 P. 120], and is pertinent:

"*It is true that the court may always look beyond the record to ascertain who are the real parties in an action,* and will often regard one who does not appear on the record as a party as really occupying that position. But that rule applies only to a person who voluntarily undertakes, in whole or in part, the prosecution or defense of an action between other parties in protection of his own interest or in pursuance of some obligation which he has incurred. *No person, whatever his interest, can be held to be a party unless he has voluntarily undertaken the prosecution* or defense or held himself out to the adverse party as so doing." (Emphasis added.)

Although the Powells were ostensibly asserting a corporate right, it was the Powells and not the corporation doing the "asserting."

While the Powells were not actually named as parties plaintiff it is readily apparent that the law firm of Vaughan, Brandlin & Baggot represented the Powells and hopefully were "Attorneys . . . thereby for said Plaintiff*s*." There can be little doubt that the firm of attorneys were attempting to represent both the Powells and the named plaintiff. The "unwilling" named plaintiff corporation was placed in an anomalous position by the attorneys, who were supposedly attempting to protect its rights and interests. The record discloses that "the attorneys who commenced this action at the request of Katherine E. Martin Powell and Edward J. Powell have requested that the costs in this dismissal be taxed against the corporation which was named as plaintiff herein." (See judgment.) In other words, the attorneys for the plaintiff are attempting to bring about the unusual situation of charging their named client with the costs of the action when the plaintiff itself had never desired to bring the action in the first place, and at all times was an unwilling litigant.

For the reasons stated, that portion of the order and judgment ordering "the defendants named below and each of them do have and recover from plaintiff their respective costs of suit herein, . . ." is and each of them are reversed. The trial court is directed to enter judgment whereby the defendants named in the judgment appealed from and each of

them do have and recover from Katherine E. Martin Powell and Edward J. Powell their respective costs of suit herein, in the respective amounts set forth opposite their names in the judgment appealed from.

Wood, P. J., and Drapeau, J. pro tem.,* concurred.

Respondents' petition for a hearing by the Supreme Court was denied May 16, 1961.

*Assigned by Chairman of Judicial Council.