Filed 8/21/13

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO


| | |
|---|---|
| PATRICIA J. BARRY, | B242054 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC452239) |
| v. | |
| THE STATE BAR OF CALIFORNIA, | |
| Defendant and Respondent. | |


APPEAL from an order of the Superior Court of Los Angeles County. Deirdre Hill, Judge. Reversed.


Patricia J. Barry, in pro. per., for Plaintiff and Appellant.


Kerr & Wagstaffe and Michael von Loewenfeldt; State Bar of California Office of General Counsel, Starr Babcock, Lawrence C. Yee, and Danielle A. Lee for Defendant and Respondent.

Plaintiff and appellant Patricia J. Barry (plaintiff) appeals from the trial court's order awarding $2,575.04 in attorney fees under Code of Civil Procedure section 425.16, subdivision (c)[1] to defendant and respondent The State Bar of California (the State Bar) as the prevailing defendant on a special motion to strike[2] plaintiff's complaint. In her complaint, plaintiff sought to vacate a stipulation she had entered into with the State Bar regarding two disciplinary actions against her. The trial court concluded that all of plaintiff's causes of action arose from the State Bar disciplinary proceedings -- a protected activity under section 425.16. The trial court further concluded that plaintiff had no reasonable probability of prevailing on her claims because, among other reasons, the court had no subject matter jurisdiction over State Bar disciplinary matters. The trial court granted the anti-SLAPP motion and awarded attorney fees to the State Bar as the prevailing party on that motion.

Plaintiff challenges the attorney fee award on jurisdictional grounds, arguing that the trial court's lack of subject matter jurisdiction precluded it from awarding attorney fees under section 425.16.[3] We agree and reverse the order awarding attorney fees.

## BACKGROUND

In April 2010, plaintiff and the State Bar's Office of Chief Trial Counsel entered into a stipulation resolving two State Bar disciplinary cases against plaintiff. In December 2010, plaintiff sought to revoke the stipulation by filing a petition with the California Supreme Court to set aside the stipulation and dismiss the disciplinary charges against her. After the Supreme Court denied plaintiff's petition, she filed the instant

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise stated.

[2] The special motion to strike is commonly referred to as an anti-SLAPP motion.

[3] Plaintiff abandoned her appeal of the order granting the anti-SLAPP motion and the judgment of dismissal based on that order. Her appellate challenge is limited to the order awarding attorney fees.

2

action, seeking the same relief as well as monetary damages and a jury trial on the State Bar disciplinary charges.

The State Bar filed a demurrer, as well as an anti-SLAPP motion. The trial court granted the anti-SLAPP motion, finding that the State Bar had met its burden of demonstrating that each of plaintiff's causes of action arose from State Bar disciplinary proceedings -- a protected activity under section 425.16. The trial court further found that plaintiff failed to establish a reasonable probability of prevailing on the merits because, among other reasons, the trial court lacked jurisdiction to adjudicate plaintiff's claims. The trial court then granted the State Bar's motion for $2,575.04 in attorney fees as the prevailing party under section 425.16, subdivision (c), and this appeal followed.

## DISCUSSION

Section 425.16, subdivision (c) mandates an award of attorney fees and costs to a defendant who prevails on an anti-SLAPP motion.[4] (§ 425.16, subd. (c); *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1131.) Whether or not the trial court had jurisdiction to award attorney fees pursuant to section 425.16, subdivision (c) is a question of law that we review de novo. (*Brown v. Desert Christian Center* (2011) 193 Cal.App.4th 733, 737 (*Brown*).)

The trial court properly determined that it did not have subject matter jurisdiction over the claims alleged in plaintiff's complaint. The power to discipline attorneys in California is an "expressly reserved, primary, and inherent power" of the California

---

[4] Section 425.16, subdivision (c) provides: "(1) Except as provided in paragraph (2), in any action subject to subdivision (b), a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs. If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to Section 128.5. [¶] (2) A defendant who prevails on a special motion to strike in an action subject to paragraph (1) shall not be entitled to attorney's fees and costs if that cause of action is brought pursuant to Section 6259, 11130, 11130.3, 54960, or 54960.1 of the Government Code. Nothing in this paragraph shall be construed to prevent a prevailing defendant from recovering attorney's fees and costs pursuant to subdivision (d) of Section 6259, 11130.5, or 54690.5."

3

Supreme Court. (*Obrien v. Jones* (2000) 23 Cal.4th 40, 48; *Saleeby v. State Bar* (1985) 39 Cal.3d 547, 557; Bus. & Prof. Code, § 6100.) Although the State Bar Act originally allowed any court to administer attorney discipline, "in 1951, the State Bar Act was amended to exclude superior courts and appellate courts from exercising such jurisdiction, leaving the Supreme Court as the sole judicial entity with jurisdiction over attorney discipline. (Bus. & Prof. Code, §§ 6087, 6100; *Jacobs v. State Bar* (1977) 20 Cal.3d 191, 196.) Thus, in California, the inherent judicial power of the superior court does *not* extend to attorney disciplinary actions. That power is exclusively held by the Supreme Court and the State Bar, acting as its administrative arm. [Citation.]" (*Sheller v. Superior Court* (2008) 158 Cal.App.4th 1697, 1710.)

"[I]n the absence of subject matter jurisdiction, a trial court has no power 'to hear or determine [the] case.' [Citation.]" (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 196.) The trial court's lack of subject matter jurisdiction in this case precluded it from ruling on the State Bar's anti-SLAPP motion, an adjudication that necessarily involved a determination of the merits of plaintiff's claims. "Section 425.16 . . . establishes a procedure where the trial court evaluates the merits of the lawsuit using a summary-judgment-like procedure at an early stage of the litigation . . . . [¶] [G]ranting a motion to strike under section 425.16 results in the dismissal of a cause of action on the merits . . . ." (*Varian Medical*, at pp. 192-193.)

The procedural posture of the instant case distinguishes it from *Brown, supra*, 193 Cal.App.4th 733, on which the State Bar relies as support for the attorney fees award under section 425.16. *Brown* involved the dismissal of an action based on lack of subject matter jurisdiction after the trial court determined that the matter came within the exclusive jurisdiction of the workers' compensation system. (*Brown*, at p. 737.) At issue was the defendant's request for costs pursuant to section 1032 as the prevailing party in the action. The appellate court in *Brown* concluded that a trial court has the authority "'to decide in the first instance whether it has jurisdiction of the subject matter and the parties, and whether it also has jurisdiction to act in a particular manner. . . .' [Citations.]" (*Brown*, at p. 740.) After concluding that the trial court had properly

4

exercised its "jurisdiction to determine its own jurisdiction," the appellate court in *Brown* held that the court "also had jurisdiction to award costs" under section 1032 as an incident of the judgment. (*Ibid.*) Here, in contrast, the trial court did not exercise its "jurisdiction to determine its own jurisdiction," but rather adjudicated the merits of the action by way of an anti-SLAPP motion.

Because the trial court had no jurisdiction to rule on the anti-SLAPP motion, it also lacked jurisdiction to award attorney fees under section 425.16, subdivision (c). It was error for the trial court to do so. (*Rochin v. Pat Johnson Manufacturing Co.* (1998) 67 Cal.App.4th 1228, 1239 [order issued by a court lacking subject matter jurisdiction is void].)

## DISPOSITION

The order awarding attorney fees is reversed. Plaintiff is awarded her costs on appeal.

**CERTIFIED FOR PUBLICATION**


_____, J.
CHAVEZ


We concur:


_____, P. J.
BOREN


_____, J.*
FERNS


_____
\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5