Filed 2/24/16  Pritchett v. Ford Motor Co. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MICHAEL C. PRITCHETT, <br><br> Cross-complainant and Respondent, <br><br> v. <br><br> FORD MOTOR COMPANY, <br><br> Cross-defendant and Appellant. | F069860 <br><br> (Super. Ct. No. 11CECG04230) <br><br><br> **OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County.  Mark W. Snauffer, Judge.

Shook Hardy & Bacon, Randall D. Haimovici, Patrick J. Gregory and Katherine A. Wolf for Cross-defendant and Appellant.

Emerson, Sorensen, Church and Ryan D. Libke for Cross-complainant and Respondent.

-ooOoo-

Cross-defendant Ford Motor Company (Ford) appeals from an order granting the motion of cross-complainant Michael C. Pritchett (Pritchett) to strike Ford's

memorandum of costs in its entirety. Ford contends that, as a cross-defendant in whose favor a dismissal was entered, it is entitled to its costs as a matter of right. We agree and reverse.

## *FACTUAL AND PROCEDURAL BACKGROUND*

This action arises out of a collision between plaintiffs' vehicle and a vehicle driven by defendant Pritchett. Plaintiffs sued Pritchett, Ford, and Lithia of Fresno, Inc. (Lithia), to recover for their injuries. Pritchett cross-complained against Ford and Lithia, seeking equitable indemnity.

Pritchett settled with plaintiffs, paying a total of $1.5 million (his insurance policy limits), contingent on a determination the settlement was made in good faith. The trial court subsequently entered an order determining that the settlement was made in good faith, in accordance with Code of Civil Procedure section 877.6. Plaintiffs dismissed their complaint against Pritchett; Pritchett asked the other parties and the court to remove his attorneys from the service list for the case, and did not participate in the case subsequently.

Lithia settled with plaintiffs at the mandatory settlement conference, and the matter proceeded to trial between plaintiffs and Ford only. During the trial, Ford made an oral motion for a directed verdict on Pritchett's cross-complaint against it, which had not yet been dismissed. Instead, the trial court dismissed Pritchett's cross-complaint with prejudice. The trial ended with a verdict in favor of Ford. The judgment recited that, pursuant to the stipulation of plaintiffs and Ford, plaintiffs waived all posttrial motions and appeals, and Ford would not seek costs from plaintiffs.

Ford filed a memorandum of costs, seeking to recover its costs from Pritchett. Pritchett moved to strike the memorandum of costs or to tax costs. He contended (1) his good faith settlement with plaintiffs barred recovery of any costs incurred by Ford in defense of plaintiffs' claims; (2) Ford was estopped from claiming the costs were incurred in defense of the cross-complaint because, after the good faith settlement, Ford

2.

acted as if Pritchett was no longer a party to the action; and (3) Ford waived recovery of costs from Pritchett when it waived recovery of them from plaintiffs.  He further argued the costs Ford sought were not incurred in defense of the cross-complaint, and he challenged specific costs listed in the memorandum of costs.  Ford opposed Pritchett's motion, arguing that, as a cross-defendant as to whom the cross-complaint was dismissed, it was entitled to recovery of its costs as a matter of right.  It contended that, because one element of an equitable indemnity claim is the indemnitor's liability to the injured party, all costs incurred in defending against plaintiffs' complaint were also necessary to the defense against the cross-complaint.  Ford subsequently filed an amended memorandum of costs, reducing the amount of costs requested.

The trial court heard Pritchett's motion and granted it, striking the original and amended memoranda of costs in their entirety.  Ford appeals.

### DISCUSSION

### I.      Standard of Review

Generally, the standard of review of an award of costs is whether the trial court abused its discretion in making the award.  (*Seever v. Copley Press, Inc*. (2006) 141 Cal.App.4th 1550, 1556.)  "However, de novo review of such a trial court order is warranted where the determination of whether the criteria for an award of attorney fees and costs in this context have been satisfied amounts to statutory construction and a question of law." (*Carver v. Chevron U.S.A., Inc*. (2002) 97 Cal.App.4th 132, 142.)  In other words, the propriety or amount of costs to award is a discretionary trial court decision, but a determination of the legal basis for the award is a question of law to be determined de novo.  (*Ibid*; *Baker-Hoey v. Lockheed Martin Corp*. (2003) 111 Cal.App.4th 592, 596–597.)  The issue here is whether the trial court properly struck Ford's entire memorandum of costs, based on its determination Ford was not entitled to recover its costs from Pritchett under the costs statute.  The issue is a question of law, which we will review de novo.

3.

## II.      Entitlement to an Award of Costs

The basic authority for awarding costs in civil actions is found in Code of Civil Procedure section 1032.[1]  Generally, the party prevailing in an action is entitled to recover its costs as a matter of right.  (§ 1032, subd. (b).)  "'Prevailing party' includes the party with a net monetary recovery, *a defendant in whose favor a dismissal is entered*, *a defendant where neither plaintiff nor defendant obtains any relief*, and a defendant as against those plaintiffs who do not recover any relief against that defendant.  When any party recovers other than monetary relief and in situations other than as specified, the 'prevailing party' shall be as determined by the court, and under those circumstances, the court, in its discretion, may allow costs or not and, if allowed may apportion costs between the parties on the same or adverse sides pursuant to rules adopted under Section 1034."  (§ 1032, subd. (a)(4), italics added.)  The term "'defendant' includes a cross-defendant."  (§ 1032, subd. (a)(2).)

Pritchett filed a cross-complaint against Ford.  Ultimately, the trial court dismissed that cross-complaint.  Ford became a cross-defendant in whose favor a dismissal was entered; it was also a cross-defendant where neither cross-complainant nor cross-defendant obtained any relief.  As such, Ford was entitled to an award of its litigation costs as a matter of right.

Pritchett contends the dismissal somehow did not qualify Ford for an award of costs under section 1032, because the dismissal was not made pursuant to any statute, because it occurred after Pritchett had failed to prosecute the cross-complaint for some time, or because it was a "clerical" dismissal.  The statute does not make any exceptions for those circumstances.  "[U]pon dismissal of an action in a defendant's favor, that party is entitled to an award of costs under the clear authority and mandate of these statutory

---

[1]      All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

provisions. "'"No qualifications or conditions are imposed. He [or she] is entitled to … costs as a matter of right."'"" (*Brown v. Desert Christian Center* (2011) 193 Cal.App.4th 733, 738 (*Brown*).)

"Nothing in the wording of the statute indicates that a defendant's right to recover costs is limited to certain *types* of dismissals (e.g., dismissals on nonjurisdictional grounds). Since the Legislature has not distinguished between types of dismissals in the statute, we will not read such a restriction into it. '"[O]ne should not read into the statute allowing costs a restriction which has not been placed there. 'In general, a court should not look beyond the plain meaning of a statute when its language is clear and unambiguous, and there is no uncertainty or doubt as to the legislative intent.'"'" (*Brown*, *supra*, 193 Cal.App.4th at p. 738.)

Further, the cross-complaint was not dismissed without statutory authority. Section 581, subdivision (b)(5) authorized the trial court to dismiss "without prejudice, when either party fails to appear on the trial and the other party appears and asks for a dismissal." Pritchett did not appear at the trial and Ford requested a disposition of the cross-complaint in its favor; in response, the trial court entered a dismissal of the cross-complaint. If the trial court dismissed with prejudice rather than without, that was a procedural error by the trial court that did not affect the existence of statutory authorization to dismiss the cross-complaint under the circumstances of this case.

Additionally, regardless of the nature of the dismissal, Ford was still a cross-defendant where neither cross-complainant nor cross-defendant obtained any relief. As such, it was entitled to recover its costs from Pritchett as a matter of right.

*City of Long Beach v. Stevedoring Services of America* (2007) 157 Cal.App.4th 672 (*Long Beach*), which the trial court stated was distinguishable, supports an award of costs. There, an employee of Stevedoring Services of America (SSA) sued the City for personal injuries. The City cross-complained against SSA, and SSA in turn cross-complained for equitable indemnity against Parsons. The trial court found the City

5.

actively negligent and denied it indemnity from SSA. The trial court then dismissed SSA's cross-complaint against Parsons as moot and awarded costs to Parsons as the prevailing party. (*Id*. at p. 674.) The appellate court affirmed.

SSA argued that, because the cross-complaint was dismissed as moot, there was no prevailing party. (*Long Beach*, *supra*, 157 Cal.App.4th at p. 678.) It asserted its indemnity claim was a contingent claim, because it sought indemnity only if the City prevailed against SSA; because the City did not prevail, the contingency never arose, so SSA never had an actual adversarial claim against Parsons. (*Ibid*.) SSA also argued that, because the dismissal was merely a clerical act after the defeat of the City's cross-complaint against SSA, Parsons did not prevail. (*Id*. at p. 679.)

The court rejected SSA's arguments. "A dismissal of an action against a defendant based on mootness grounds will always be a mere clerical act. But that does not mean that the dismissal was not in the defendant's favor." (*Long Beach*, *supra*, 157 Cal.App.4th at p. 679.) Citing cases holding that section 1032 is unambiguous in providing that a defendant in whose favor a dismissal is entered is a prevailing party entitled to costs, and that the statute contains no exceptions, the court held: "There is no exception in the cost statute for dismissals of cross-complaints obtained on the ground that the cross-complaint has become moot. When a cross-complaint is dismissed as moot, the cross-defendant is one in whose favor the cross-complaint was dismissed and is therefore a prevailing party under Code of Civil Procedure section 1032 entitled to costs as a matter of right." (*Long Beach,* at p. 680.)

Here, the cross-complaint was dismissed because Pritchett did not appear at trial to prove its claims, not because it was moot. The reasoning of *Long Beach* applies, however. The statute makes no exceptions for "clerical" dismissals, or for any other type of dismissal. It simply entitles the dismissed party to an award of costs.

*Greshko v. County of Los Angeles* (1987) 194 Cal.App.3d 822 (*Greshko*), which the trial court relied on in making its ruling, is inapposite. In *Greshko*, the party injured

6.

in an automobile accident sued Greshko, the city, and the county for damages. (*Id.* at pp. 827–828.) The plaintiff settled with the city and the county for a waiver of costs, and obtained a judgment against Greshko for $1.9 million. (*Id.* at p. 828.) Greshko then sued the city and the county for equitable indemnity. The trial court determined the plaintiff's settlements with the city and the county were made in good faith, and dismissed Greshko's claims against the city and the county. (*Ibid.*)

The court rejected Greshko's argument that there was no statutory or common law authority to dismiss the indemnity action after a determination of the good faith of the prior settlement; it found that authority in section 877.6 (barring claims for equitable indemnity against a joint tortfeasor who settled in good faith) and section 436 (authorizing the court to strike irrelevant, false, or improper matter from a pleading).

The court also rejected Greshko's argument that the settlements with the city and the county could not be good faith settlements, because they were not settlements at all. (*Greshko*, *supra*, 194 Cal.App.3d at pp. 830–831.) It found evidence in declarations that the dismissals were part of an agreement to settle the case. There was no evidence to the contrary. (*Id.* at p. 831.) The court then concluded the settlements were not made in good faith, and reversed the dismissal of Greshko's complaint. (*Id.* at pp. 831–836.)

*Greshko* addressed the propriety of dismissing the claims of one joint tortfeasor against other alleged joint tortfeasors, after the other tortfeasors had settled the plaintiff's claims against them and obtained a determination of the good faith of the settlement. It also addressed the propriety of the determination of good faith made in that case. *Greshko* did not address who is the prevailing party or whether that party is entitled to an award of costs when an equitable indemnity cross-complaint by a party who settled in good faith against a nonsettling party is dismissed. Accordingly, it offers no guidance on that issue.

The trial court erred in denying Ford its costs, when Ford was entitled to recover them as a matter of right.

## III.    Effect of Good Faith Settlement

Pritchett's settlement with plaintiffs did not dispose of his cross-complaint against Ford or render it moot.  Section 877.6, subdivision (a)(1) provides that "[a]ny party to an action in which it is alleged that two or more parties are joint tortfeasors … shall be entitled to a hearing on the issue of the good faith of a settlement entered into by the plaintiff … and one or more alleged tortfeasors."  "A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor … from any further claims against the settling tortfeasor … for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." (§ 877.6, subd. (c).)  Thus, a good faith settlement bars further claims for indemnity *against* a settling joint tortfeasor, not claims *by* a settling joint tortfeasor.  The statute has no effect on claims by a settling defendant against a nonsettling codefendant. Consequently, after Pritchett settled with plaintiffs and obtained a determination of the good faith of the settlement, he was free to continue to pursue his cross-complaint against Ford, to attempt to obtain indemnity from Ford for all or a portion of the amount he paid in settlement of plaintiffs' claims.

After the determination of the good faith of Pritchett's settlement with plaintiffs, however, he neither pursued his cross-complaint against Ford nor dismissed it.  It remained pending until the trial court dismissed it during trial.

Ford's request for costs based on dismissal of the cross-complaint was not a disguised attempt to obtain indemnity, in violation of section 877.6, subdivision (c), as Pritchett asserts.  The jury found Ford not liable to plaintiffs for their injuries.  The judgment was in favor of Ford.  Ford paid nothing to plaintiffs, so there was nothing for Pritchett to indemnify.  Ford was entitled to recover its costs from Pritchett, to the extent they were incurred in defense of Pritchett's cross-complaint.

## IV.    Reasonably Necessary Costs

The remaining question is whether the costs claimed by Ford were reasonably necessary to the defense of Pritchett's cross-complaint.  In order to be recoverable, costs must be "reasonably necessary to the conduct of the litigation rather than merely convenient or beneficial to its preparation" and "reasonable in amount."  (§ 1033.5, subd. (c)(2), (3).)  Because the trial court struck the entire memorandum of costs, it did not reach the issue of which, if any, of the costs sought by Ford were reasonably necessary to the defense of Pritchett's cross-complaint against Ford.

Ford contends that the same issues of its liability to plaintiffs were raised by both plaintiffs' complaint and Pritchett's cross-complaint.  Because both parties were attempting to prove that Ford's actions were a proximate cause of the injuries suffered by plaintiffs, Ford concludes all actions Ford took to defend against plaintiffs' claims were equally aimed at defending against Pritchett's cross-complaint.

"The basis of an action for equitable indemnity is a joint legal obligation to another for damages.  [Citation.]  … '[T]here can be no indemnity without liability' [citation], meaning that if the record does not establish that a defendant is a concurrent tortfeasor responsible in some measure for the injuries suffered by the plaintiff, that defendant is not subject to a claim for indemnity by another defendant."  (*Major Clients Agency v. Diemer* (1998) 67 Cal.App.4th 1116, 1131.)  "The right to indemnity flows from payment of a joint legal obligation on another's behalf."  (*Bailey v. Safeway, Inc.* (2011) 199 Cal.App.4th 206, 212.)  "'The elements of a cause of action for indemnity are (1) a showing of fault on the part of the indemnitor and (2) resulting damages to the indemnitee for which the indemnitor is … equitably responsible.'"  (*Id.* at p. 217.)

While it is true that liability to plaintiff is one element of a cross-complaint for equitable indemnity among codefendants, Ford's conclusion that all costs incurred in defending against plaintiffs' complaint were also reasonably incurred in defense of the cross-complaint is overbroad.  Under the circumstances of this case, Ford's conclusion

9.

would be valid only to the extent plaintiffs and cross-complainant pursued parallel claims simultaneously, and the actions for which Ford's costs were incurred addressed both parties' claims. The record does not bear this out; Pritchett did not pursue his claims against Ford throughout the litigation, as Ford seems to suggest.

At the outset, plaintiffs sued both Ford and Pritchett, and Pritchett cross-complained against Ford. In the course of the proceedings, however, Pritchett settled with plaintiffs and obtained a determination of the good faith of the settlement. The complaint against Pritchett was dismissed with prejudice. Although Pritchett's cross-complaint remained pending and was not dismissed, Pritchett effectively withdrew from the litigation and did not participate further. His attorneys advised the other parties and the court to remove them from the service list for the case. The other parties and the court apparently complied, and stopped serving papers and notices on Pritchett's attorneys, including any notice of the trial date. After the settlement, Pritchett did not participate in discovery (other than his own deposition) and did not appear for or participate in the trial (except as a witness).

When Pritchett asked to be taken off the service lists, Ford's attorneys could easily have contacted Pritchett's attorneys to clarify whether they intended to pursue the cross-complaint. Ford's attorneys did not do so. While there may have been no legal requirement that Ford's attorneys communicate with Pritchett's attorneys to determine the status of the cross-complaint, a simple inquiry would have been consistent with the professionalism we expect of attorneys (see State Bar, Cal. Atty. Guidelines of Civility & Professionalism, Introduction at <http://ethics.calbar.ca.gov> [as of Feb. 18, 2016].), and would have avoided the appearance of gamesmanship and the confusion of the situation that gave rise to this appeal.

Under the circumstances, to the extent it would have appeared to a reasonable cross-defendant named in Pritchett's cross-complaint that the cross-complaint had essentially been abandoned and was no longer being pursued by Pritchett, it would not

appear the costs incurred by Ford after Pritchett asked to be removed from the other parties' and the trial court's service lists were reasonable or necessary to the defense against that cross-complaint.

Ford contends Pritchett did not properly object to the claimed costs, because a properly verified memorandum of costs is prima facie evidence of the propriety of the items contained in it, and that showing cannot be rebutted merely by asserting the costs were not reasonable or necessarily incurred. Pritchett did more than simply assert the costs were not reasonable or necessary, however. He presented evidence that he did not pursue his cross-complaint after settling with plaintiffs, did not participate further in the action, and did not appear at trial, arguing these facts made it unnecessary for Ford to incur costs to defend against the cross-complaint.

We will leave it to the trial court in the first instance to determine at what point Ford reasonably should have known Pritchett was no longer pursuing his cross-complaint, so that it was not reasonable or necessary for Ford to incur further costs in defense of the cross-complaint. We also remand for the trial court to exercise its discretion to determine the amount of attorney fees incurred prior to that time that was "reasonably necessary to the conduct of the litigation" of the cross-complaint and was "reasonable in amount." (§ 1033.5, subd. (c)(2), (3).)

11.

## *DISPOSITION*

The order granting Pritchett's motion to strike Ford's memorandum of costs is reversed, and the matter is remanded to the trial court to determine the amount of costs to which Ford is entitled, and to enter a new order awarding Ford its costs, consistent with this opinion.  The parties will bear their own costs on appeal.

_____
HILL, P.J.

WE CONCUR:


_____
GOMES, J.


_____
PEÑA, J.